**Danny ARRIOLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–96–103–CR.

Court of Appeals of Texas, Beaumont.

Submitted March 6, 1998.

Decided April 1, 1998.

Bruce A. Hoffer, Lumberton, for appellant.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

A jury convicted Danny Arriola of aggravated sexual assault. The trial court assessed punishment at confinement in the Texas Department of Criminal Justice, Institutional Division, for seventy-five years. Arriola raises three points of error on appeal.

■ Point of error one contends: "Reversible error occurred when the trial court failed to grant appellant's request to introduce Rule 412 evidence and other extraneous acts to show motive for lying, thereby non-consent." Arriola and his victim had two children together but severed their relationship before the date of the offense. In an *in camera* hearing, the complainant admitted to engaging in sexual contact with persons other than the accused before she moved in with Arriola and again after they separated. Arriola argues this evidence of specific instances of past sexual behavior was admissible evidence 1) on the issue of consent and 2) relating to the motive or bias of the alleged victim, the probative value of which outweighs the danger of unfair prejudice. TEX.R.CRIM. EVID. 412(b)(2)(B), (C). Evidence of past sexual behavior upon the issue of whether the alleged victim consented to the sexual behavior which is the basis of the offense charged is limited to past sexual behavior *with the accused.* TEX.R.CRIM. EVID. 412 (b)(2)(B). Since the excluded evidence did not involve behavior engaged in with the accused, this exception does not apply. *Boyle v. State,* 820 S.W.2d 122, 148 (Tex. Crim.App.1989), *overruled on other grounds by Gordon v. State,* 801 S.W.2d 899, 911 n. 13 (Tex.Crim.App.1990); *Leger v. State,* 774 S.W.2d 99, 101 (Tex.App.—Beaumont 1989, pet. ref'd).

Although not cited by either party, two cases aptly illustrate the application of the Rule 412(b)(2)(C) exception for motive or bias. In *Yzaguirre v. State,* 938 S.W.2d 127 (Tex.App.—Amarillo 1996, pet. ref'd), the trial court excluded evidence that the victim's mother had chastised her son after she caught him comparing genitals with a cousin. When she discovered the appellant in bed with her son, the victim at first denied anything happened, then told his mother the appellant had been molesting him. The Court of Appeals reversed, on the rationale the excluded testimony showed the victim had been in trouble for inappropriate sexual behavior in the past and therefore had a motive to place the blame on someone else. *Id.* at 128. By comparison, in *Wofford v. State,* 903 S.W.2d 796 (Tex.App.—Dallas 1995, pet. ref'd), the accused offered testimony that the victim had exchanged sex for drugs to attack her credibility and to supply a motive for bringing false charges, as the appellant testified the complainant became angry because he refused to buy her more drugs. The Court of Appeals affirmed, holding the appellant could not attack the complainant's credibility with extrinsic evidence of specific instances of misconduct under TEX.R.CRIM. EVID. 608(b), and the complainant's sexual history did not make it more likely that she would accuse the appellant of sexual assault in retaliation for a refusal to buy more cocaine. *Id.* at 800–801.

■ The case *sub judice* is far more similar to *Wofford* than to *Yzaguirre.* Defense counsel argued to the trial court that Arriola sought to establish the victim's "motive to lie," that "this is the way she does people," meaning that she would "seek revenge as part of her overall pattern and character." Counsel repeatedly stated he was not trying to establish character, but that is precisely what he offered the evidence for—to use specific instances of sexual conduct to show a propensity to lie. Arriola did not even establish a motive for the complainant's actions. Although he presumes she shared her company with other men in order to anger him, rather than for her own sexual gratification, he does not refer us to any testimony to that effect. Had he established the existence of a pattern of provocation through sexual conduct, Arriola may have demonstrated a nexus between that conduct and a motive for bringing false accusations. We find no abuse of discretion in the trial court's exclusion of this evidence. Point of error one is overruled.

Point of error two asserts: "Reversible error occurred when the trial court failed to grant appellant's request for a mistrial upon the nonresponsive answer of the witness

prejudicing the jury against the appellant." The State elicited testimony about a black rose during direct examination of the complainant:

Q. [By Prosecutor:] And soon after that did you meet with the police?

A. [By Complainant:] After that? Yeah. They come and took pictures of me, and the next day I think I went to the police station and made a report and he was in jail.

[By Prosecutor]: May I approach, Your Honor?

THE COURT: You may.

Q. [Complainant,] I'm going to show you what's been marked as State's Exhibit 12. Did the defendant send you this after all this happened?

A. Yes, ma'am, for my birthday.

Q. Is that a black rose?

A. Yes, ma'am.

[Defense Counsel:] Objection, Your Honor. I don't know when her birthday is and this is not within the same timeframe [sic]. It wouldn't be relevant.

THE COURT: Establish when her birthday is.

Q. When is your birthday?

A. September 24th.

Q. Was this—

[Defense Counsel:] Your Honor, this could have occurred on July 11th. That's a little over two months later.

THE COURT: It's overruled.

Q. What did you think when you got the black rose?

A. I thought, what is this, my death wish?

The testimony of which Arriola complains occurred on cross-examination:

Q. [By Defense Counsel]: How did you receive that black rose?

A. [By Complainant]: Danny's mother—

Q. Mary Hellen?

A. —gave it to me. Said, "This is from Danny." Because he was in jail in Houston.

The trial court excused the jury, and defense counsel moved for a mistrial on the grounds the witness had violated the motion in limine by mentioning an extraneous offense. The prosecutor responded that the inquiry of how she obtained the rose required an additional explanation of why the rose was delivered through a third party and reminded the court that counsel had jumped the first two steps in asking for a mistrial. The trial court denied the motion. When the jury returned, defense counsel objected to the nonresponsiveness of the witness's last answer. The trial court sustained the objection and instructed the jury to disregard the witness's statement regarding Arriola's whereabouts at the time she received the black rose.

█  The Court of Criminal Appeals warns us of the dangers of slavish adherence to the order in which a defendant presents his objection, request for instruction to disregard, and motion for mistrial. *Fuller v. State,* 827 S.W.2d 919, 926 (Tex.Crim.App.1992). Assuming, therefore, that the procedure followed in this case preserved error, we agree with appellant's position that the witness's statement, "Because he was in jail in Houston," was indeed nonresponsive, but hold the trial court's instruction to disregard cured any prejudicial effect. *Coe v. State,* 683 S.W.2d 431, 436 (Tex.Crim.App.1984). Point of error two is overruled.

The final point of error urges trial counsel rendered ineffective assistance of counsel. The Court of Criminal Appeals has explained the standard of review for claims of ineffective assistance of counsel:

The proper standard for determining claims of ineffective assistance under the Sixth Amendment is the standard adopted by the United States Supreme Court in *Strickland* [*v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)]. We adopted the *Strickland* standard in *Hernandez v. State,* 726 S.W.2d 53 (Tex. Crim.App.1986). In *Strickland,* the Supreme Court adopted a two-pronged analysis for claims of ineffective assistance. Under the first prong, the defendant must show that counsel's performance was deficient, to the extent that counsel failed to function as the "counsel" guaranteed by

the Sixth Amendment. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Under the second prong, the defendant must show that counsel's deficient performance prejudiced the defense. *Id.* To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. Under the *Strickland* test, the defendant bears the burden of proving ineffective assistance. In addition, when reviewing a claim of ineffective assistance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2065.

*Jackson v. State,* 877 S.W.2d 768, 770–71 (Tex.Crim.App.1994).

Arriola identifies the following in support of his claim counsel's performance was deficient:

### Jury Selection

1) He failed to object when the prosecutor, before beginning jury voir dire, asked whether the appellant had elected to go to the court or the jury in punishment.

2) He failed to object when, during voir dire, the prosecutor referred to sexual assault as "rape."

3) He failed to object when the prosecutor repeatedly told the jury "it's going to be a one witness case."

4) He failed to object when the prosecutor, in telling the jury they must be able to consider the entire punishment range, gave an example of only pretending to consider.

5) He failed to object when the prosecutor stated the accused had the right not to testify and he could do so for any reason, then mentioned it could be the defense counsel's strategy.

6) He did not object when the trial court excused a juror who said he thought he would favor appellant.

### Trial

7) He failed to preserve error when a witness mentioned an extraneous offense committed by the appellant.

8) He did not question the complainant about the knife used in the offense.

9) He did not object when the trial court commented they would take a short recess so the witness could regain her composure.

10) He did not object when the prosecutor asked the complainant a leading question.

11) He made a vague objection to the admission of the black rose.

12) During the Rule 412(c) hearing, counsel failed to develop his point that the complainant's motive was vengeance.

13) He failed to call Arriola's grandmother to rebut the complainant's testimony about the grandmother paying the complainant's rent.

14) He failed to call Steve Moe to verify the complainant had drunk beer late at night before the offense occurred.

15) After the complainant made a nonresponsive answer to his question about a black rose, defense counsel asked for a mistrial before he objected and obtained an instruction to disregard.

16) He failed to obtain a ruling on his motion objecting to the State's introduction of certified copies of medical records, or object when they were introduced at trial.

17) He did not object when, during direct examination by the State, the trial court instructed a witness to only answer the question put to him.

18) He apparently did not view the physical evidence.

19) His motion for instructed verdict was too general in nature.

20) He did not call anyone to testify the complainant lied.

We observe that Arriola's complaints call for overreaching speculation; of the long list of criticisms he levels at counsel's perfor-

mance, only those complaints numbered 12, 15, and 18 on this list can be said to contain any authority from which he argues error was committed. *See Brownlee v. State,* 944 S.W.2d 463, 468–69 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd); *Land v. State,* 890 S.W.2d 229, 233 (Tex.App.—Beaumont 1994, no pet.)(refusing to address inadequately addressed claims of ineffective assistance of counsel). Furthermore, although new appellate counsel was appointed within the time for filing a motion for new trial, Arriola did not file a motion for new trial alleging ineffectiveness of counsel, and therefore did not develop a record in which trial counsel's trial strategy was stated for the record.

The underlying issue of Complaint 12 was addressed in point of error one. Arriola complains counsel failed to present a meritorious position and failed to develop certain testimony, but we find nothing in the record from which we may determine any particular evidence was available to defense counsel but not pursued by him.

We addressed the merits of point of error two, rendering moot Complaint 15 regarding the order in which counsel made his motions.

In Complaint 18, Arriola cites a case, *Ex parte Welborn,* 785 S.W.2d 391 (Tex.Crim. App.1990), in support of his position that counsel was ineffective for not looking at the exhibits, but the court in *Welborn* had the benefit of an evidentiary hearing in which counsel testified. Nothing of counsel's trial strategy appears in our record.

Appellant's brief suggests we pay particular attention to the Rule 412 hearing and defense counsel's failure to put on witnesses in defense. How can we? Both complaints depend upon counsel's failure to present witnesses. We cannot speculate who those witnesses might be, whether they were available at trial, or how they would have testified, or whether counsel knew they existed, or, if he did know of them, why he did not call them to testify.

█ Appellant failed to meet his burden. Counsel's trial strategy and the reasons for his actions at trial appear nowhere in the record. We cannot rule out the possibility that counsel purposefully did not object or call witnesses as a result of a conscious choice in order to further a calculated trial strategy. Nor has appellant demonstrated counsel would have been successful had he taken those steps.

In *Jackson,* the Court of Criminal Appeals observed:

The first prong of *Strickland* is not met in the instant case. Due to the lack of evidence in the record concerning trial counsel's reasons ... we are unable to conclude that appellant's trial counsel's performance was deficient. "Consistently with *Strickland,* we must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he 'made all significant decisions in the exercise of reasonable professional judgment.'" *Delrio [v. State ],* 840 [S.W.2d 443] at 447 [Tex.Crim. App.1992]. The record in the instant case contains no evidence to rebut that presumption.

Jackson, 877 S.W.2d at 771.

The record does not support Arriola's claim that counsel was ineffective. Point of error three is overruled. We affirm the judgment and sentence of the trial court.

Affirmed.