In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-164 CR


NO. 09-01-098 CR


____________________



STEVEN LAKEITH SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause Nos. 15,650 and 15,649






OPINION


 A jury found Steven LaKeith Smith to be guilty on separate indictments for
possession of, with intent to deliver, a controlled substance, cocaine, in an amount of one
gram or more but less than four grams (Cause No. 15,650), and possession of, with intent
to deliver, a controlled substance, cocaine, in an amount less than one gram (Cause No.
15,649). The court assessed punishment at confinement in the Texas Department of
Criminal Justice, Institutional Division, for a term of seven years in Cause No. 15,650,
and confinement in a state jail facility for two years in Cause No. 15,649. 

 Appellate counsel filed a brief in compliance with Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978). The brief concludes no error is presented that would arguably support
the appeals, a conclusion with which we concur. On May 17, 2001, Smith was given an
extension of time in which to file a pro se brief if he so desired. Smith's pro se brief
argues in five points of error that he received ineffective assistance of counsel. 

 To prevail on a claim of ineffective assistance of counsel, the appellant must show
both deficient conduct and prejudice. See Strickland v. Washington, 466 U.S. 668, 687,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In other words, a defendant must demonstrate
that his attorney's performance fell below an objective standard of reasonableness under
prevailing professional norms and that there is a reasonable probability that, but for
counsel's ineffectiveness, the result would have been different. Id., 466 U.S. at 687-88,
694. The Strickland standard applies to ineffective assistance of counsel complaints at both
the guilt-innocence and punishment phases of the trial. Hernandez v. State, 988 S.W.2d
770 (Tex. Crim. App. 1999). There is a strong presumption that counsel's conduct fell
within the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994). "Any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness." Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 

 In point of error one, Smith argues that counsel was ineffective because she failed
to object during voir dire. Smith does not identify what objections should have been made,
and we have found no error in the jury selection process. One venireperson was excused
after he stated that, having sat through the State's voir dire, he lacked the patience to listen
to the same facts again in defense counsel's voir dire or the trial. Six of the State's and
the defendant's peremptory strikes were exercised against the same persons. The record
does not reveal the ethnicity of the persons removed from the jury by the State's other
peremptory strikes. Neither the prosecutor's nor defense counsel's strategy is
determinable from our record. The record does not reflect that any objectionable person
served on the jury. 

 In point of error two, Smith complains that counsel failed to advise him of his right
to appeal. The failure to file a notice of appeal in Cause No. 15,649 has been corrected
through relief granted on a writ of habeas corpus. As Smith was able to appeal both
convictions, point of error two is without merit.

 Point of error three complains that counsel "failed to object to the credibility of
State's witness" and failed to object to the admission of an audiotape, a videotape, and
plastic containing cocaine. The judge discussed admitting the tapes, but it appears the
tapes were never marked and admitted into evidence. Defense counsel did not file a
motion to suppress the contraband in either case, but Smith does not present a basis for a
motion to suppress, nor does our review of the record reveal a ground upon which the
evidence would have been excluded from evidence had it been raised at or before trial. 

 The cooperating witness had a criminal indictment pending against him. Outside
the presence of the jury, the prosecutor and the witness informed the court that they
thought the charge had been dismissed when the case was called to trial in March 1999,
because the State could not locate its victim. The witness agreed to become an informant
in May 1999. On voir dire and outside the presence of the jury, the witness indicated he
had not been offered leniency in return for his cooperation, and the trial court granted a
motion in limine regarding the pending charge. Although defense counsel asked the
undercover officer and the informant if there was a pending case against the informant, her
cross examination of both was quite brief. Since we do not have the benefit of a record
of a hearing in which counsel explained her actions during the trial, however, Smith has
failed to overcome the presumption that counsel made all significant decisions in the
exercise of reasonable professional judgment. See Arriola v. State, 969 S.W.2d 42, 46
(Tex. App.--Beaumont 1998, pet. ref'd). 

 Point of error four contends trial counsel failed to investigate the case. There is no
evidence in the record from which we might determine what investigation counsel
undertook. See Thompson v. State, 9 S.W.3d at 813-14. Likewise, the appellant fails to
identify what facts or evidence a more thorough investigation would have revealed. See
Dewberry v. State, 4 S.W.3d 735, 757-58 (Tex. Crim. App. 1999). 

 Point of error five urges Smith was denied effective assistance of counsel because
the trial court failed to honor his request for a change of counsel. The clerk's record
includes a letter, dated approximately two months before trial, which complains that
counsel had not sent Smith the "legal papers" for him to research his case. The letter does
not establish deficient performance, as counsel may have provided the requested
information between the date of the letter and the date of the trial. Furthermore, Smith has
not established how he was prejudiced by either counsel's failure to supply requested
materials or the trial court's failure to appoint new counsel after receiving a complaint
letter.

 Absent an evidentiary hearing in which defense counsel is provided the opportunity
to explain her actions, and in which Smith is able to fully develop evidence supporting his
claim of ineffective assistance, Smith cannot overcome the presumption that counsel
rendered reasonably effective assistance. Points of error one through five are overruled.

 Our review of the clerk's records and the reporter's records revealed no arguable
error requiring us to order appointment of new counsel. Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). Accordingly, we affirm the judgments of the trial
court. 

 AFFIRMED.


 PER CURIAM



Submitted on September 26, 2001

Opinion Delivered October 3, 2001

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.