# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-01-00350-CR
===============

**Michael Evans, Appellant**

**v.**

**The State of Texas, Appellee**

=======================================================================
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 005161, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING
=======================================================================

Appellant Michael Evans appeals his conviction for burglary of a habitation ("attempted to commit and committed theft"), a second degree felony. *See* Tex. Pen. Code Ann. § 30.02 (West Supp. 2002). Appellant was convicted upon his plea of guilty by the jury, who assessed his punishment at fifteen years' imprisonment and a $10,000 fine.

## Points of Error

Appellant advances four points of error. First, he contends that the trial court erred in denying a motion for a directed verdict of not guilty during the punishment phase of the trial. Second, appellant urges that his trial counsel rendered ineffective assistance by moving for a directed verdict rather than a mistrial. Third, appellant claims that the trial court erred in not granting a motion for new trial. Fourth, appellant avers that the evidence was factually insufficient to support his conviction. We will affirm the judgment of the trial court.

**Background**

Count one of the indictment charged appellant with burglary of a habitation with intent to commit sexual assault, a first degree felony. Tex. Pen. Code Ann. § 30.02 (West Supp. 2002). The second count charged appellant with the same burglary of a habitation ("attempted to commit and committed theft"), a second degree felony. *Id*.

When called upon to plead to the indictment before the jury, appellant entered a plea of not guilty to the first count and, apparently much to the surprise of everyone, entered a plea of guilty to the second count. No action was taken at that time with regard to appellant's plea of guilty. The trial proceeded as if both pleas had been "not guilty." S.F., the complainant, testified that in the early morning hours of July 24, 2000, she was asleep in her second floor apartment; that she was awakened and saw a dark figure in the doorway of her bedroom; that she asked the man to leave; and that the man pulled his hand out of his pants and left the doorway. S.F. called "911" and then locked her bedroom door. Fearing that the man was still in the apartment, S.F. jumped out of her bedroom window, suffering minor injuries.

S.F. identified appellant at the scene after he had been apprehended near the apartment complex by the police. She later made an in-court identification. She determined that the money she had in the apartment, approximately twenty dollars, was missing. Leslin Meissner, a friend, asserted that she had left a dollar and some change on S.F.'s table and near S.F.'s purse the previous evening. Austin Police Officer Derek Israel testified to apprehending appellant near the apartment complex after receiving a dispatch.

The trial court refused to permit the State to offer some extraneous matters relating to sexual offenses at the guilt/innocence stage. Thereafter, at the conclusion of this stage of the trial, the State waived and abandoned count one.

The trial court then duly admonished appellant of the consequences of his guilty plea to count two. The trial then proceeded to the punishment stage where the extraneous offenses were admitted and appellant made a judicial confession. The case was submitted to the jury with instructions to find appellant guilty upon his plea of guilty to count two and to assess punishment in accordance with the instructions on punishment.

**Procedure**

The instant case presented to the trial court an unusual situation with different pleas to different counts in the same indictment. The procedure was somewhat irregular with regard to the guilty plea. As the procedure provided by law underlies our disposition of some of appellant's points of error, we take note thereof.

As the Court of Criminal Appeals reiterated in *Barfield v. State*, 63 S.W.3d 446 (Tex. Crim. App. 2001), the statute providing for bifurcated-trial procedure applies only to pleas of not guilty before the jury. *Id*. at 449-50; Tex. Code Crim. Proc. Ann. art 37.07, § 2(a) (West 1981 & Supp. 2002). When an accused enters a plea of guilty to a felony charge before the jury, the proceedings become a unitary trial. *Carroll v. State*, 975 S.W.2d 630, 631 (Tex. Crim. App. 1998); *Ricondo v. State*, 634 S.W.2d 837, 841 (Tex. Crim. App. 1982) (op. on reh'g); *Basaldua v. State*, 481 S.W.2d 851, 853 (Tex. Crim. App. 1972); *see also* Tex. Code Crim. Proc. Ann. arts. 26.13, 26.14, 27.13 (West 1989). A plea of guilty to a felony before a jury admits the existence of all facts

3

necessary to establish guilt and the introduction of evidence is only to enable the jurors to intelligently exercise the discretion vested in them by law in assessing punishment. *Carroll*, 975 S.W.2d at 631-32; *Darden v. State*, 430 S.W.2d 494, 495 (Tex. Crim. App. 1968). The only issue is punishment when a defendant enters his plea of guilty or nolo contendere, without waiving trial by jury. *See* Tex. Code Crim. Proc. Ann. art. 27.02 (West 1989). He should then be admonished as required by article 27.13 in accordance with article 26.13. *Id.* arts. 26.13, 27.13. If a defendant persists in his plea, a jury should be empaneled to hear evidence and assess punishment only. *Id*. art. 26.14.

After the evidence is presented in a unitary proceeding, the trial court formally charges the jury that the defendant has persisted in his plea despite admonishment by the trial court as to the consequences of his plea and his rights under the law, that the trial court has found the defendant mentally competent, that the plea has been freely and voluntarily made, and that the jury is instructed to find the defendant guilty, and to assess punishment in accordance with the other instructions in the court's charge *See Basaluda*, 481 S.W.2d at 855; 8 Michael McCormick, et al., *Texas Practice: Criminal Forms and Trial Manual* § 98.03 (10th ed. 1995); *see also Holland v. State*, 761 S.W.2d 307, 313 (Tex. Crim. App. 1988); *Addicks v. State*, 15 S.W.3d 608, 612 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

In *Frame v. State*, 615 S.W.2d 766 (Tex. Crim. App. 1981), the guilty plea proceedings were erroneously bifurcated, but the error was not reversible error. *Id.* at 767 n.1; *see also Ricondo,* 634 S.W.2d at 842. Here, the trial court's described action, taken when confronted

4

with a unique situation, was harmless error, if error at all, under the circumstances. *See* Tex. R. App. P. 44.42(b).[1] Appellant makes no complaint on appeal in this regard.

## Motion for Instructed Verdict

First, appellant urges that the "trial court erred by not granting appellant's motion for a directed verdict during the punishment phase" of the trial.

The State had called a number of witnesses as to the conviction of appellant for public masturbation and similar incidents. The prosecutor then called Vivian Lewis Heine, a sex counselor, and an operator of an outpatient mental health facility. She did not know appellant, had not treated him, and was not a witness to the offense charged. Near the end of her direct testimony, she was asked what she meant in using the term "vulnerable human being." In her rambling, mostly unresponsive answer, she closed with the statement: "I would go so far as to say this wasn't the first time he was in that apartment." The trial court immediately sustained appellant's objection and, upon request, instructed the jury "to disregard the last statement." Appellant's counsel then moved for a "directed verdict," which was overruled.

In all but the most extreme cases, the improper admission of an extraneous offense can be cured by granting an objection and a jury instruction to disregard. *Fuller v. State*, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992). A jury instruction is insufficient only in those extreme cases where

---

[1] In the instant case, the required admonishment was not given until the close of the guilt/innocence stage of the trial. *Palacios v. State,* made clear that the admonishment should precede the acceptance of the guilty plea before the jury, but no reversible error was presented when the admonishment was made after both sides rested and before the case was submitted to the jury, and the defendant made no claim of harm by the "lateness" of the admonishment. 556 S.W.2d 349, 352 (Tex. Crim. App. 1977).

5

it appears that the evidence is clearly calculated to inflame the minds of the jurors and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987). The instant case was not such an extreme case. The witness's answer was non-responsive, speculative, and did not even assert that appellant had previously been in the apartment illegally. Moreover, a witness's inadvertent reference to an extraneous offense is generally cured by a prompt instruction to disregard, as in the instant case. *See Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998). Appellant did not move for a mistrial, but now insists that the trial court should have granted his motion for a directed verdict.

A challenge to the trial court's ruling on a motion for an instructed or directed verdict of not guilty is in actuality a challenge to the sufficiency of the evidence to support the conviction. *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990); *see also Cook v. State*, 858 S.W.2d 467, 476 (Tex. Crim. App. 1993).

In the instant case, appellant had entered a guilty plea to the second count and the only issue for the jury was that of punishment. When appellant made his motion, the State had not rested its case at the penalty stage of the trial. The trial court did not abuse its discretion in overruling a sufficiency of evidence claim. To have done so would have resulted in an acquittal. *Cf. United States v. Burks*, 437 U.S. 1 (1978); *Greene v. Massey*, 437 U.S. 19 (1978). Appellant could have withdrawn his guilty plea and had a plea of not guilty entered at any time before the jury retired to deliberate. *McWherter v. State*, 571 S.W.2d 312, 313 (Tex. Crim. App. 1978); 43 George E. Dix &

Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 34.87 (2d ed. 2001). This appellant did not do.

Appellant also complains in his argument under this point of error that he was not given notice by the State that it intended to introduce an extraneous offense (Ms. Heine's remark) as required by Rule 404(b) of the Texas Rules of Evidence and article 37.07(3)(g). Tex. Code Crim. Proc. Ann. art. 37.07(3)(g) (West Supp. 2002). The record does not reveal a defense request for such notice as required by the statutes, and there was no trial objection on this basis. A complaint on appeal must comport with a trial objection or nothing is presented for review. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Moreover, this separate argument renders the point multifarious. *See Wood v. State*, 18 S.W.3d 642, 649 n.6 (Tex. Crim. App. 2000). The first point of error is overruled.

**Ineffective Assistance**

Appellant recognizes the futility of his initial point of error by contending that "appellant's trial counsel rendered ineffective assistance by moving for a directed verdict instead of moving for a mistrial in the punishment phase of the trial."

A defendant in a criminal case has a constitutional right to reasonably effective assistance of counsel. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). However, a defendant is not entitled to errorless counsel or counsel whose competency is judged by hindsight. *Id.* In *Strickland v. Washington*, 466 U.S. 468, 687 (1984), the United States Supreme Court promulgated a two-pronged test to determine whether representation was so inadequate that it violated a defendant's Sixth Amendment right to counsel. The *Strickland* analysis has been adopted

7

in Texas and applies to claims arising under article I, section 10 of the Texas Constitution. *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Under the two-pronged test, a convicted defendant must first show that his counsel's performance was deficient, and second, show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The defendant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). If the defendant fails to make the required showing of both deficient performance and prejudice, his claim must fall. *Id*.

The review of a claim of ineffective assistance of counsel is highly deferential. *Strickland*, 486 U.S. at 689. A reviewing court must indulge a strong presumption that trial counsel's conduct falls within a wide range of reasonable representation. *McFarland*, 928 S.W.2d at 500. The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each case. We assess the totality of counsel's representation rather than his or her isolated acts or omissions. *Strickland*, 486 U.S. at 689; *Oestrick v. State*, 939 S.W.2d 232, 239 (Tex. App.—Austin 1997, pet. ref'd). While a single egregious error of commission or omission may be sufficient, reviewing courts are hesitant to declare counsel ineffective based on a single alleged miscalculation. *Thompson v. State*, 9 S.W.3d 808, 813, 814 (Tex. Crim. App. 1999).

When claiming ineffective assistance for failing to object on the proper basis, a defendant must demonstrate that if trial counsel had chosen the right basis for his objection, the trial court would have committed error in refusing to sustain the objection. *Cf. Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *Brown v. State*, 6 S.W.3d 571, 575 (Tex. App.—Tyler

8

1999, pet. ref'd). Appellant has made no effort to demonstrate that if his trial counsel had moved for a mistrial rather than for an instructed verdict, the trial court would have erred in denying the mistrial motion.

The general rule is that a complaining party, in order to preserve error for appellate review, must first object to the testimony, and if the objection is sustained, must then ask for a jury instruction to disregard; if the instruction is given, counsel must then move for a mistrial. *Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985); *Barletta v. State*, 994 S.W.2d 708, 714 (Tex. App.—Texarkana 1999, pet. ref'd); *Smith v. State*, 959 S.W.2d 1, 13 (Tex. App.—Waco 1997, pet. ref'd). This proper method of preservation of error should be used where a witness makes reference to other crimes and in doing so implies that the defendant committed them. *Coe v. State*, 683 S.W.2d 431, 436 (Tex. Crim. App. 1984).

When an accused has his objection sustained and his request for a jury instruction to disregard honored by the trial court, but fails to make a mistrial motion, he has received all the relief requested, and nothing is presented for review. *Cook*, 858 S.W.2d at 473; *Adams v. State*, 685 S.W.2d 661, 670 (Tex. Crim. App. 1985). Moreover, testimony referring to or implying the existence of an extraneous offense, if error, is ordinarily cured by a timely instruction of the trial court to disregard. *Coe*, 683 S.W.2d at 436. It is presumed that the jury followed the trial court's instructions. *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998); *Gardner,* 730 S.W.2d at 696. In the instant case, an instruction to disregard was given.

If trial counsel had moved for mistrial, there would not be "a reasonable probability that, but for counsel's error, the results would have been different." *Strickland*, 466 U.S. at 689. If

9

trial counsel had followed the order of progression and made a mistrial motion, the trial court would not have erred in overruling it. This was a plea of guilty before the jury proceeding where the only issue was punishment. The objection was directed to a single unresponsive statement by a witness who had no personal knowledge and was clearly speculating. Even with proper preservation of error, the trial court's instruction to disregard cured any prejudicial effect of the statement. *Arriola v. State*, 969 S.W.2d 42, 44 (Tex. App.—Beaumont 1998, pet. ref'd) (citing *Coe*, 683 S.W.2d at 436). Appellant would not have been entitled to have the motion for mistrial sustained if it had been made. *See Aguiano v. State*, 706 S.W.2d 759, 763 (Tex. App.—San Antonio 1986, no pet.). "Mistrial is a remedy appropriate for a narrow class of highly prejudicial and incurable error." *Wood*, 18 S.W.3d at 648. Appellant's claim of ineffective assistance of counsel is without merit. The second point of error is overruled.

**Motion for New Trial**

In his third point of error, appellant contends that the "trial court erred by not granting appellant's post-trial motion for a new trial." Appellant has not advanced any separate argument under this point of error. He has apparently consolidated any argument with the argument supporting the fourth point of error dealing with a claim of factual sufficiency of the evidence. In the first two paragraphs of that argument, appellant asserts that his guilty plea was entered without consultation with his trial counsel; and that the plea was not voluntary "because he was not aware that if count two had been tried to the jury he could have requested a charge on the lesser-included offense of criminal trespass." No authority is cited and the argument is not further advanced. The phrase "motion for new trial" is not mentioned and there is no demonstration that the trial court abused its discretion in

10

overruling the new trial motion—the standard for review in such matters. *See Rent v. State*, 982 S.W.2d 382, 384 (Tex. Crim. App. 1998).

An examination of the motion for new trial found in the record shows that several grounds were advanced therein for the relief requested. One of the grounds states: "VII. Defendant did not make a knowing and voluntary plea of guilty. Defendant felt he had no choice but to plead guilty due to his lack of confidence in his trial counsel."[2] This is not the same contention advanced in his appellate brief. Appellant simply makes two record references to the hearing on the motion for new trial. One reference was to appellant's testimony that he decided to plead guilty to count two of the indictment when the indictment was read to him in the presence of the jury, and he did so without telling his trial counsel. The other reference was to appellant's testimony that he was unaware that if he had pleaded not guilty and if the evidence supported it, he could have had a jury instruction on criminal trespass. Appellant has not complied with the briefing rules. Tex. R. App. P. 38.1(h). Even if he had complied, there is no showing that the trial court abused its discretion in overruling the motion for new trial. The third point of error is overruled.

### Factual Sufficiency

In his fourth point of error, appellant avers that the "evidence was factually insufficient to support a verdict of guilty on count two." "Factual sufficiency is not properly raised where appellant's brief merely claims insufficiency without setting out the proper standard of review, analyzing why the facts fall short of that standard, or discussing the authorities upon which he relied."

---

[2] Appellant pleaded not guilty to the first count of the indictment while represented by the same counsel.

11

*Moon v. State*, 44 S.W.3d 589, 593 (Tex. App.—Fort Worth 2001, pet. ref'd) (citing *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); and *Naff v. State*, 946 S.W.2d 529, 531 (Tex. App.—Fort Worth 1997, no pet.)). Assuming that appellant has met the foregoing requirements and properly briefed the issue, we are confronted with the question whether factual sufficiency review is applicable here.

"*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)], and factual sufficiency review clearly applies to the basic question of the *adequacy of the evidence to prove the elements of the offense.*" 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 31.140 (2d ed. 2001) (emphasis added). As noted earlier, a plea of guilty before the jury in a felony case admits the existence of all elements necessary to establish guilt, and in such cases the introduction of evidence by the State is only to enable the jury to determine punishment. *Holland*, 761 S.W.2d at 312; *Darden*, 430 S.W.2d at 495. The State was not required to establish the factual sufficiency of the evidence in such cases. Appellant acknowledges the importance of the guilty plea in such cases when he states in argument: "Absent appellant's guilty plea, the evidence was factually insufficient to support a conviction for burglary of a habitation with intent to commit theft."

In cases like the instant one, where the defendant pleads guilty before the jury in a felony case, the plea of guilty is conclusive as to the defendant's guilt and there is no question of the sufficiency of the evidence. *Ex parte Martin*, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988) (op. on reh'g); *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); *Turnipseed v. State*, 609 S.W.2d 798, 800-01 (Tex. Crim. App. 1980); *Addicks v. State*, 15 S.W.3d 608, 612 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *Stahle v. State*, 970 S.W.2d 682, 688 (Tex.

App.—Dallas 1995, pet. ref'd). We conclude that a factual sufficiency review is not applicable in the instant case.[3] The fourth point of error is overruled.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion[*]

Affirmed

Filed:   Apirl 11, 2002

Do Not Publish

---

[*]   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

---

[3]   In *Wilson v. State*, 15 S.W.3d 544 (Tex. App.—Dallas 1999, pet. ref'd), the court held that factual sufficiency review does not apply to a fact finder's determination at the punishment stage of a bifurcated trial that the evidence proves beyond a reasonable doubt that the defendant committed an unadjudicated extraneous offense. *Id*. at 548-49. The court reasoned that the considerations underlying a factual sufficiency review are not applicable to the punishment phase of the trial where the defendant has been convicted and the issue of punishment within a set range is the only issue. *Id*. The court did acknowledge that a factual sufficiency review might be appropriate concerning certain issues at the punishment phase of a bifurcated trial such as a murder defendant's sudden passion or an aggravated kidnapping defendant's release of a victim in a safe place. *Id*. at 549 n.5.

13