Kinnard Joseph MAY, Appellant,

v.

The STATE of Texas.

No. 05–94–00648–CR.

Court of Appeals of Texas,
Dallas.

May 31, 1995.

Merry A. Worley, Sherman, for appellant.

Rick Dunn, Asst. County Atty., Sherman, for the State.

Before BAKER, KINKEADE and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

The sole issue in this appeal is whether evidence of a complainant's promiscuous conduct occurring before ¹the complainant is fourteen years old is admissible as a defense to sexual assault of a child fourteen or older. We conclude such evidence is not admissible. We affirm the trial court's judgment.

### FACTUAL BACKGROUND

Appellant and complainant met in February 1993. Complainant and appellant became friends. Two months later, complainant, her uncle, and his common law wife moved next door to appellant. Complainant visited appellant in his trailer daily. At some point, appellant asked complainant to "go steady" and gave her a bracelet. On June 5, 1993, appellant and complainant had sex for the first time. Complainant was fourteen years old, and appellant was thirty-eight.

The State charged appellant with sexual assault of a child. At trial, appellant sought to raise the promiscuity defense established by section 22.011(d)(1) of the Texas Penal Code.[1]

In a bill of exceptions, complainant testified she had been sexually active since age twelve. One of complainant's sexual partners was a minor; he was sixteen. Prior to the age of fourteen, complainant had sexual relations with at least seven men, ranging in age from twenty-one to forty. She had sex with one person (the sixteen-year-old) other than appellant, after she became fourteen.

The trial court refused to allow the evidence of the complainant's sexual activity before she became fourteen. The jury convicted appellant of sexual assault of a child. The trial court assessed a fifteen year sentence.

### PROMISCUITY DEFENSE

#### 1. Standard of Review

■ The determination of admissibility of evidence is within the sound discretion of the trial court. *Holloway v. State,* 751 S.W.2d 866 (Tex.Crim.App.1988); *Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App. 1986). We do not reverse the trial court's decision unless a clear abuse of discretion is shown. *Holloway,* 751 S.W.2d at 870; *Werner,* 711 S.W.2d at 643. An abuse of discretion occurs when the trial court acts without reference to any guiding rules and principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990). Stated another way, a trial court abuses its discretion when the court acts arbitrarily or unreasonably. *Montgomery,* 810 S.W.2d at 380. Thus, our interpretation of the penal code section that established the "promiscuity defense" will determine whether the trial court abused its discretion.

#### 2. Statutory Interpretation

■ Interpretation of a statute must serve to effectuate the legislative intent underlying the statute's enactment. *Grunsfeld v. State,* 843 S.W.2d 521, 523 (Tex.Crim.App. 1992); *Dillehey v. State,* 815 S.W.2d 623, 625 (Tex.Crim.App.1991). We presume the legislature intended effect be given the entire statute. *Heckert v. State,* 612 S.W.2d 549, 552 (Tex.Crim.App. [Panel Op.] 1981). When examining amendments to existing legislation, we presume legislative awareness of case law affecting or relating to the statute. *Grunsfeld,* 843 S.W.2d at 523.

■ Case law sets up a policy of statutory interpretation by focusing on the literal text of the statute to discern its fair meaning. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). We read words and phrases in a statute in context and construe them according to rules of grammar and common usage. *Pettijohn v. State,* 782 S.W.2d 866, 868 (Tex.Crim.App.1989). Further, the rules of statutory construction presume each word in a statute is used for a purpose. *Polk v. State,* 676 S.W.2d 408, 410 (Tex.Crim.App.1984).

---

1. Act of June 19, 1983, 68th Leg., R.S., ch. 977, § 3, 1968 Tex.Gen.Laws 5311, 5314 (amended 1993). Appellant could plead the promiscuity defense because the date of the offense was before September 1, 1994, when the legislature abolished the promiscuity defense. The promiscuity defense was eliminated for sexual assault offenses that occurred after September 1, 1994 by the 1993 amendment. *See* TEX.PENAL CODE ANN. § 22.011 (Vernon 1994) for current version.

### 3. The Statute

The offense of sexual assault of a child occurs when a person intentionally or knowingly causes the penetration of the female sexual organ of a person younger than seventeen years of age by any means. TEX.PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon 1994). It is a defense to prosecution that "the child was at the time of the offense fourteen years of age or older and had prior to the time of the offense engaged promiscuously" in sexual conduct. Act of June 19, 1983, 68th Leg., R.S., ch. 977, § 3, 1968 Tex.Gen.Laws 5311, 5314 (amended 1993) (current version at TEX.PENAL CODE ANN. § 22.011 (Vernon 1994)).

### 4. Application of Law to Facts

Appellant argues that all evidence of the complainant's sexual conduct before the date of the offense is admissible regardless of the complainant's age. Appellant bases his argument on the plain language in the statute, i.e., *"prior to the time of the offense engaged promiscuously"* in sexual conduct. Act of June 19, 1983, 68th Leg., R.S., ch. 977, § 3, 1968 Tex.Gen.Laws 5311, 5314 (amended 1993) (emphasis added). He contends this language has no words of limitation, thus, the trial court should have admitted the evidence. We disagree.

We interpret the statute based upon existing case law as it relates to the term "promiscuous." "Promiscuity" is defined as the indiscriminate granting of sexual favors to members of the opposite sex without any requirement of love. *Ramos v. State*, 819 S.W.2d 939, 941 (Tex.App.—Corpus Christi 1991, pet. ref'd). Promiscuity "connotes a variety of *consensual* sexual conduct with a variety of partners continuing over a reasonable period of time." *Wicker v. State*, 696 S.W.2d 680, 682–83 (Tex.App.—Dallas 1985), *aff'd*, 740 S.W.2d 779 (Tex.Crim. App.1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988) (emphasis added). Victims under fourteen are *"legally incapable of giving consent* to sexual intercourse." *Hernandez v. State*, 651 S.W.2d 746, 753 (Tex.Crim.App.1983) (construing the predecessor to section 22.011, section 21.09 of the Texas Penal Code, which was codified in 1974) (emphasis added).

Because a person under the age of fourteen cannot legally consent to intercourse, and promiscuity is by definition consensual, the child's sexual activity before reaching fourteen years of age is "non-consensual." Sexual intercourse with any child younger than the age of fourteen years is rape. A rape of a child cannot be promiscuity as a matter of law. If we reach the conclusion appellant advances, we would disregard case law and fail to give meaning to the word "promiscuous." *See Polk*, 676 S.W.2d at 410. Therefore, we conclude evidence of the victim's sexual activity before reaching the age of fourteen is not admissible under this statute's "promiscuity defense." We conclude the trial court did not abuse its discretion in refusing to allow evidence of the complainant's sexual activity before becoming fourteen years old. Accordingly, we overrule appellant's sole point of error.

We affirm the trial court's judgment.

BAKER, Justice, dissenting.

I respectfully dissent. The majority's construction of the promiscuity defense statute reaches a result the legislature surely did not intend. I would apply the plain meaning rule to this defense and conclude it has no limitations. I would hold the complainant's prior promiscuous conduct is admissible, and its exclusion was error. Because the error was not harmless, I would reverse.

### APPLICABLE LAW

#### 1. The Defense

The prior promiscuous sexual conduct of a child was a defense to prosecution for sexual assault of a child if that child was fourteen years or older when the offense occurred. *See* Act of June 19, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex.Gen.Laws 5312, 5314 (amended 1993) (current version at TEX.PENAL CODE ANN. § 22.011 (Vernon Supp.1994)).

#### 2. Statutory Construction

When we interpret statutes, we seek to carry out the collective intent of the legisla-

tors. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). We construe words according to their plain meaning. *Ward v. State*, 829 S.W.2d 787, 791 (Tex.Crim.App. 1992). Where the statute is clear and unambiguous, we understand the legislature to mean what it has expressed. We do not add or subtract from the statute. *Boykin*, 818 S.W.2d at 785. We will not strain the plain meaning to give the statute a desirable reading. *Smith v. State*, 789 S.W.2d 590, 592 (Tex.Crim.App.1990).

If a statute is susceptible to more than one construction, we interpret it to secure the purpose or benefit the legislature intended. *Ward*, 829 S.W.2d at 791. We assume the legislature intended a just and reasonable result. *Campbell v. State*, 644 S.W.2d 154, 165 (Tex.App.—Austin 1982), *pet. ref'd*, 647 S.W.2d 660 (Tex.Crim.App.1983). If it is reasonable to interpret a statute in two different ways, we may consider the result of differing interpretations in deciding which interpretation to adopt. *Muniz v. State*, 851 S.W.2d 238, 244 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). If one reasonable interpretation yields absurd results and another does not, we prefer the latter interpretation. *Muniz*, 851 S.W.2d at 244.

### 3. Standard of Review

#### a. Exclusion of Evidence

We reverse a trial court's decision to exclude evidence only if the trial court abused its discretion. *Holloway v. State*, 751 S.W.2d 866, 870 (Tex.Crim.App.1988). A trial court abuses its discretion when its "decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993). If we decide the trial court erred, we next decide whether that error was harmless. *Burks v. State*, 876 S.W.2d 877, 905 (Tex.Crim.App.1994).

#### b. Harm Analysis

We reverse the trial court's judgment if the record reveals error, unless we determine beyond a reasonable doubt the error did not contribute to the conviction or punishment. TEX.R.APP.P. 81(b)(2). When we conduct a harm analysis, we must: (1) isolate the error and all of its effects; and (2) determine whether a juror might have reached a different result if the error and its effects had not resulted. *Harris v. State*, 790 S.W.2d 568, 588 (Tex.Crim.App.1989).

If the error was such that it disrupted the juror's orderly evaluation of evidence, no matter how overwhelming the evidence might have been, we must reverse the conviction. *Harris*, 790 S.W.2d at 588. However, we cannot properly evaluate the error's impact without examining its interaction with other evidence. *Harris*, 790 S.W.2d at 586. Unless overwhelming evidence dissipates the error's effect upon the jury's function in determining the facts so that it did not contribute to the verdict, then the error is harmful. *Harris*, 790 S.W.2d at 587.

### APPLICATION OF LAW TO FACTS

#### 1. The Majority's Position

The majority cites a case law definition of the word "promiscuity" and concludes promiscuous behavior is necessarily consensual. The majority then relies on the Court of Criminal Appeals' construing the sexual assault statute to mean victims under age fourteen are legally incapable of consenting to sexual intercourse. *See Hernandez v. State*, 651 S.W.2d 746, 753 (Tex.Crim.App.1983). The majority then in effect concludes that defendants who choose victims over age fourteen who engaged in sexual activity before age fourteen can never use the promiscuity defense.

Under the majority's construction, a defendant who sexually assaults a victim two days past her fourteenth birthday may use as a defense any promiscuous behavior in which the victim engaged during the two days since she turned fourteen. That same defendant, however, cannot use as a defense any promiscuous behavior in which the victim engaged three or more days before the assault. This tortured interpretation leads to a result the legislature surely did not intend. The legislature could not intend to give an accused a

defense, but disallow any evidence to support that defense.

Here, the victim became sexually active at age twelve. She became fourteen on April 8, 1993. The offense occurred on June 5, 1993. Under the majority's interpretation, appellant could use as a defense only evidence of the complainant's sexual activity occurring between April 8, 1993 and June 5, 1993. Appellant could not use evidence of her sexual activity in the two years before her fourteenth birthday. The majority adds a limitation to the statute the legislature did not provide.

The legislature could easily have restricted the statute by providing that the promiscuity defense does not apply where the victim was between the ages of fourteen and seventeen and the promiscuous behavior on which the defendant relies occurred before the victim reached age fourteen. The majority strains the plain meaning of the statute to achieve the majority's desired result. To refuse to admit the victim's promiscuous sexual conduct before she turned fourteen negates the defense in its entirety for some defendants. This interpretation is not reasonable and could not have been the legislature's intention.

### 2. The Dissent's Position

#### a. Statutory Construction

Under the plain meaning of the statute, I would hold that the legislature intended the statute to provide a defense to the offense of sexual assault of a child if the child: (1) was fourteen years of age or older when the offense occurred; and (2) engaged in consensual sexual conduct before the offense, whether before or after the child's fourteenth birthday. The majority's interpretation ignores the plain meaning of the statute. The majority's interpretation does not lead to a just and reasonable result. Had the legislature, aware of the statutory scheme for sexual assault offenses against children, intended the result the majority reaches, it could have limited the statute. We are not at liberty to add the limitation. I would hold the trial court abused its discretion by excluding evidence of the complainant's sexual activity before her fourteenth birthday.

#### b. Harm Analysis

At trial, the complainant admitted to voluntary sexual intercourse with appellant. The State explained in its brief that it proceeded under section 22.011(a)(2) because the alleged sexual assault was consensual. Appellant's only defensive theory was the promiscuity defense in section 22.011(d). The trial court refused to allow evidence of appellant's only defensive theory. If that evidence had been before the jury, it might have reached a different result. Because the error may have contributed to appellant's conviction, exclusion of the evidence of the complainant's prior promiscuous conduct was harmful. Accordingly, I would reverse this cause and remand it for a new trial.