Marcelo YZAGUIRRE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 07–96–0057–CR.

Court of Appeals of Texas,
Amarillo.

Dec. 16, 1996.

Rehearing Overruled Feb. 25, 1997.

Chappell & Lanehart, Chuck Lanehart, Lubbock, for appellant.

Richard Clark, Criminal District Attorney, Plains, for appellee.

Before BOYD, C.J., QUINN, J., and REYNOLDS, Senior Justice.*

CHARLES L. REYNOLDS, Senior Justice (Assigned).

Appellant Marcelo Yzaguirre, Jr. was separately indicted under trial court causes number 1727 and 1728, respectively, for the offense of aggravated sexual assault of twelve-year-old J. V., III (the victim) by fellatio, and for the offense of aggravated sexual assault of the victim by anal intercourse, each of which was alleged to have occurred on or about 23 April 1995. By agreement, the two offenses were consolidated for trial before a jury.

Upon trial of the consolidated causes, a jury found appellant guilty of both offenses and assessed respective punishments of confinement for 10 years and a $10,000 fine, probated for 10 years, and of confinement for 10 years. Appealing, appellant has presented a single brief containing a six-point attack against the judgments. Only those points necessary to a final resolution of the appeals are addressed in this opinion, issued on the appeal from the judgment in trial court number 1727 under our cause number 07–96–0057–CR, and in our separate opinion issued this day on the appeal from the judgment in trial court number 1728 under our cause number 07–96–0058–CR, 938 S.W.2d 129.

■ Appellant does not challenge the sufficiency of the evidence to support his conviction under cause number 1727 for the aggra-

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

vated sexual assault of the victim and the resulting sentence of 10 years confinement and fine of $10,000, probated for 10 years. Rather, appellant seeks a reversal upon his fifth-point contention, among others, that the trial court erred in excluding evidence of the prior sexual conduct of the victim. Agreeing, we will reverse and remand.

The excluded evidence of the victim's prior sexual conduct offered by appellant was the testimony of the victim's mother, which was adduced in an in camera hearing and preserved in a bill of exception, that the victim was scolded for exchanging views with his male cousin of their respective penises, and was told he would be spanked, an admitted punishment, if ever caught doing such things again. Appellant contends this testimony, coupled with other testimony would have illustrated that the victim had been in trouble for inappropriate sexual behavior in the past and lied to keep from getting in trouble when caught with appellant. The other testimony was the victim's statement that he was afraid to tell his mother about appellant's offense because she might get mad at him, and the report of appellant's mother that the victim's mother would cuss at the victim and call him a "faggot." Appellant submits that the exclusion of the testimony prevented him from showing that the victim had been in trouble for improper sexual behavior in the past and, therefore, had the motive to put the blame on someone else.

The State replies that the court did not err in excluding the testimony, because it was held in *May v. State*, 903 S.W.2d 792 (Tex. App.—Dallas 1995), cited as a "no writ" case by the State, that evidence of a victim's sexual activity before reaching the age of fourteen is not admissible. *Id.* at 794. However, *May* does not negate appellant's contention for two reasons. First, its holding was predicated upon a statute providing for the promiscuity defense, which was eliminated for sexual assaults that occurred after September 1, 1994, *id.* at 793 n. 1, and the alleged April 23, 1995 sexual assault in this prosecution was after that date. Second, on further appeal, the judgment of the intermediate appellate court was reversed, and the cause was remanded, when the Court of

Criminal Appeals disagreed with the intermediate appellate court's interpretation of the repealed statute. *May v. State*, 919 S.W.2d 422, 423 (Tex.Cr.App.1996).

Generally, in a prosecution for aggravated sexual assault, evidence of specific instances of the victim's past sexual behavior is not admissible; however, the evidence is admissible if the court determines after an in camera hearing that it, among other enumerated circumstances, relates to the motive or bias of the alleged victim, and that its probative value outweighs the danger of unfair prejudice. Tex.R.Crim. Evid. 412(b)(2)(C), 412(b)(3). In excluding the testimony of the victim's mother, the trial court opined that it did not fall within Rule 412 and, presumably for that reason, did not determine whether its probative value outweighed the danger of unfair prejudice.

The victim testified that on 23 April 1995, he was asleep on the living room couch in his home when appellant, who was visiting in the home, awakened him by touching his penis. He pushed appellant away and went to his room. Appellant followed, got in bed with the victim, pulled down his pants, and began sucking his penis. A light came on and the victim rolled off the bed and pulled up his pants.

The light was turned on by the victim's mother who, noticing that the victim and appellant were not in the living room where she had last seen them, activated the kitchen light and looked into the victim's room. She saw appellant, whose pants were undone, roll over and pull the sheet over his head, and heard him begin to snore. At the same time, she saw the victim roll off the side of the bed and heard him zip his pants.

When she asked the victim what was going on, he replied, "Nothing." The victim and his mother went into the living room, where she asked him what had happened, and he told her that "[appellant]'s been molesting me." At trial, the victim said he first told his mother nothing happened because appellant told him not to tell anybody, and he was afraid of appellant; however, he admitted that he told the sheriff he was afraid to tell his mother what happened because she would get mad at him.

Great latitude should be allowed the accused in showing any fact which, when tested by human experience, infers or would tend to establish bias or motive upon the part of any witness testifying against him, for the motives which operate upon the mind of a witness when he testifies are never regarded as immaterial or collateral matters. *Koehler v. State*, 679 S.W.2d 6, 9 (Tex.Cr.App.1984). The significant issue is whether the motive is such as would tend to affect the witness's credibility. *Jackson v. State*, 482 S.W.2d 864, 868 (Tex.Cr.App.1972).

The testimony of the mother of the victim was important in the jury's assessing the credibility of the victim, because it was for the jury to believe the victim when he first said nothing had happened, or to believe him when he next said that appellant had been molesting him. Although we know not what effect the mother's testimony would have had upon the victim's credibility in the minds of the jurors, her testimony tended to show a motive on the part of the victim, the only witness linking appellant to the elements of the offense, to fabricate appellant's involvement in the offense rather than suffer the promised punishment for his own sexual conduct. *Harris v. State*, 642 S.W.2d 471, 479 (Tex.Cr.App.1982).

Because the mother's testimony was within an enumerated circumstance in Rule 412(b)(2), it was "material" evidence bearing on the victim's motive if its probative value outweighed the danger of unfair prejudice. *Boyle v. State*, 820 S.W.2d 122, 148 (Tex.Cr. App.1989), *cert. denied*, 503 U.S. 921, 112 S.Ct. 1297, 117 L.Ed.2d 520 (1992). We discern nothing in this record to show that the probative value of the testimony was outweighed by any danger of unfair prejudice.

Under the circumstances, the trial court should have allowed the jury to hear the testimony of the victim's mother, which may have affected his credibility. We, therefore, sustain appellant's fifth point of error, thereby pretermitting an address of his other points by which he seeks only a reversal of the judgment and a remand of the cause. Tex.R.App. P. 90(a).

Accordingly, the judgment is reversed and the cause is remanded to the trial court.