**Jerry Don THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–00146–CR.**

Court of Appeals of Texas,
Waco.

May 12, 2004.

Michael J. Rogers and Keith Bradley, Bradley & Cain, L.L.C., Cleburne, for Appellant/Relator.

Dale S. Hanna, Somervell County District Atty., David W. Vernon, Somervell County Asst. District Atty., Cleburne, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.*

## MEMORANDUM OPINION

FELIPE REYNA, Justice.

Jerry Don Thomas was convicted of six counts of indecency with a child and was sentenced to seven years' confinement. Thomas complains on appeal that the court erred by (1) excluding evidence of the victim's motive during cross-examination of the victim, (2) denying Thomas's motion for mistrial when the prosecution violated a motion in limine, and (3) limiting Thomas's cross-examination of witnesses. We affirm.

## EXCLUDED TESTIMONY

■ In his first issue, Thomas complains that the court abused its discretion by excluding evidence of the victim's motive. During cross-examination of the victim, N.R., the defense began to ask whether she had done something wrong causing Thomas to discipline her. Before the defense could ask about a specific incident, the State objected and requested a hearing outside the presence of the jury to deter-

mine whether the evidence about to be elicited should be admitted.

During the hearing, the defense asked N.R. whether Thomas had disciplined her because she was caught sending a picture of herself in a swimsuit to a boy she met over the internet. N.R. admitted to sending the picture but denied that Thomas ever disciplined her. The trial judge excluded the evidence, but the record is not clear under which rule of evidence the testimony was excluded.

The State argues that the trial judge ruled correctly because the testimony is evidence of past sexual behavior which should be excluded under Rule 412. TEX.R. EVID. 412. The defense argues that the testimony does not refer to sexual behavior within the meaning of Rule 412, and is governed by Rule 404(b) instead. *Id.* 404(b). The defense further argues that the testimony is admissible under Rule 404(b) as evidence of N.R.'s motive for bringing charges against Thomas.

## Analysis

■ We review a trial court's decision to exclude evidence under an abuse-of-discretion standard. *Mozon v. State,* 991 S.W.2d 841, 846–47 (Tex.Crim.App.1999). An abuse of discretion occurs when a trial court's decision is so clearly wrong that it lies outside the "zone of reasonable disagreement." *Gonzalez v. State,* 117 S.W.3d 831, 839 (Tex.Crim.App.2003); *Burks v. State,* 40 S.W.3d 698, 700 (Tex. App.-Waco 2001, no pet.).

■ Rule 412 allows evidence of specific instances of past sexual behavior of a victim to be admitted in a criminal trial under certain circumstances. TEX.R. EVID. 412(b). "Sexual behavior" is not defined in

* This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the Court.

the Rules of Evidence. Prior to the codification of Rule 412, however, the Court of Criminal Appeals reviewed the definition of "sexual conduct" in the former section 22.065 of the Texas Penal Code,[1] the precursor to Rule 412. *Ex Parte Rose*, 704 S.W.2d 751, 756 (Tex.Crim.App.1984) (citing Act of May 27, 1983, 68th Leg., R.S., ch. 977, § 4, 1983 TEX. GEN. LAWS 5311 (amended 1993) (current version at TEX.R. EVID. 412)). The Court found "sexual" to mean "of or pertaining to sex; sexual matters." *Id.*

Applying this definition to the case at hand, we find that N.R. sending a picture of herself in a swimsuit over the internet to a boy is not within the meaning of "sexual behavior" under Rule 412. Therefore, Rule 412 is not the appropriate rule for determining the admissibility of this evidence. *See Capps v. State*, 696 S.W.2d 486, 488 (Tex.App.-El Paso 1985, writ denied) (evidence that victim exchanged T-shirts with defendant while wearing no bra two years before rape was not evidence of promiscuous behavior under section 22.065).

■ The defense points to Rule 404(b) as the basis under which the evidence should have been admitted. Rule 404(b) allows for admission of evidence of extraneous acts to prove motive. TEX.R. EVID. 404(b). This rule is not limited to the conduct of the accused, but also applies to third parties. *Castaldo v. State*, 78 S.W.3d 345, 348-49 (Tex.Crim.App.2002); *In re A.A.B.*, 110 S.W.3d 553, 561 (Tex.App.-Waco 2003, no pet.). Evidence admitted under Rule 404(b) is also subject to the balancing test of Rule 403. Rule 403 allows the court to exclude otherwise relevant evidence if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or if it will cause undue delay or the needless presentation of cumulative evidence. TEX.R. EVID. 403.

■ The balancing test under Rule 403 weighs in favor of the admissibility of the evidence and contains a presumption that relevant evidence will be more probative than prejudicial. *Id.; Rayford v. State*, 125 S.W.3d 521, 529 (Tex.Crim.App. 2003). The danger of unfair prejudice against the defendant is lower when evidence of a third party's extraneous conduct is offered. *Castaldo*, 78 S.W.3d at 350.

> Great latitude should be allowed the accused in showing any fact which, when tested by human experience, infers or would tend to establish bias or motive upon the part of any witness testifying against him, for the motives which operate upon the mind of a witness when he testifies are never regarded as immaterial or collateral matters.

*Yzaguirre v. State*, 938 S.W.2d 127, 129 (Tex.App.-Amarillo 1996, pet. ref'd) (citing *Koehler v. State*, 679 S.W.2d 6, 9 (Tex. Crim.App.1984)).

The defense offered the testimony in question as evidence that N.R. had a motive to bring charges against Thomas. Because the evidence tends to establish motive, it should have been admitted. *See*

---

1. Former section 22.065 of the Texas Penal Code states:

    (a) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct may be admitted under Sections 22.011 and 22.021 of this code only if, and only to the extent that, the judge finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

    Act of May 27, 1983, 68th Leg., R.S., ch. 977, § 4, 1983 TEX. GEN. LAWS 5311 (amended 1993) (current version at TEX.R. EVID. 412).

TEX.R. EVID. 404(b); *Yzaguirre*, 938 S.W.2d at 129. Furthermore, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403. *See* TEX.R. EVID. 403. Therefore, the court abused its discretion when it excluded this testimony. *See Yzaguirre*, 938 S.W.2d at 129.

### Harm

■ While relevant to his defensive theory, the exclusion of this testimony did not rise to the level of constitutional error by preventing him from presenting the substance of his defense to the jury. *See Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim.App.2002); *Davis v. State*, 104 S.W.3d 177, 182–83 (Tex.App.-Waco 2003, no pet.). Therefore, we apply the harmless error standard of Appellate Rule 44.2(b). TEX.R.APP. PROC. 44.2(b); *Potier*, 68 S.W.3d at 666.

■ Under Rule 44.2(b), an appellate court must disregard an error when no substantial rights of the defendant are affected because the error did not influence the jury, or had but a slight effect. *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim.App.2003); *Davis*, 104 S.W.3d at 182–83. If there are "grave doubts" about whether the error did not effect the outcome, then the error is treated as if it did effect the outcome. *Fowler v. State*, 958 S.W.2d 853, 865 (Tex.App.-Waco 1997), *aff'd*, 991 S.W.2d 258 (Tex.Crim.App.1999).

After careful review of the record, we find that the exclusion of the testimony had no more than a slight effect, if any, upon the jury. Defense counsel's cross-examination of the State's witnesses was sufficient to extrapolate evidence of N.R.'s potential motive. Defense counsel was permitted to cross-examine N.R. about an incident in which she got into an argument with Thomas over clothes that Thomas would not buy her. N.R. testified that she was upset at Thomas over this incident and that the incident happened shortly before her outcry. This testimony is sufficient to imply N.R.'s potential motive, and defense counsel strenuously argued this point in his closing argument.

Also, had N.R.'s response to the excluded cross-examination been admitted, it would have served only to weaken the defense's theory of motive because N.R. denied being disciplined for the swimsuit incident. Furthermore, the excluded evidence might have strengthened the State's case against Thomas. In response to the defense's contention that Thomas disciplined her regarding the swimsuit incident, N.R. reasoned that Thomas would not have disciplined her because he encouraged her to look at pornographic web sites.

Because the exclusion of the testimony had no more than a slight effect upon the verdict, the exclusion of the evidence was harmless. *Bagheri*, 119 S.W.3d at 763; *Davis*, 104 S.W.3d at 182–83. Thomas's first issue is overruled.

### DENIAL OF MISTRIAL

■ In his second issue, Thomas claims that the court erred in denying his motion for mistrial in response to the State's violation of a motion in limine.

■ A motion in limine is a preliminary ruling and does not preserve a complaint for appellate review. *Geuder v. State*, 115 S.W.3d 11, 14–15 (Tex.Crim. App.2003). Once the motion in limine is violated, counsel must obtain an adverse ruling to preserve the complaint. *Id.*

■ After the motion in limine was violated, and the inadmissible evidence was elicited, Thomas waited until the State had asked eleven more questions of the witness before objecting. Thomas's objection was untimely, thus Thomas has not preserved his complaint. *See Dixon v. State*, 2 S.W.3d 263, 265 (Tex.Crim.App.1998).

Even if his objection had been timely, Thomas still did not preserve his complaint because after the court sustained his objection, he did not request an instruction to disregard. Failure to request the court to instruct the jury to disregard the inadmissible evidence results in waiver of the alleged error where the instruction would have cured the error. *State Bar of Tex. v. Evans,* 774 S.W.2d 656, 658 n. 6 (Tex. 1989). Thomas's second issue is overruled.

## LIMITING CROSS–EXAMINATION

■ In Thomas's third issue, he complains that the trial court limited his cross-examination of several witnesses. The court sustained the State's objections complaining of defense questions that were asked and answered, repetitive, and calling for a legal conclusion. While the defendant has a constitutional right to confront witnesses, this right is not absolute and is subject to the broad discretion of the trial court to limit cross-examination that is repetitive or only marginally relevant. *Carroll v. State,* 916 S.W.2d 494, 498 (Tex. Crim.App.1996). In each of these instances, we find the trial court did not abuse its discretion in sustaining the State's objections. *Id.* Thomas's third issue is overruled.

## CONCLUSION

Having overruled all of Thomas's issues, we affirm the judgment.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring.

I concur with the majority's decision to affirm the trial court's judgment. I write separately because I disagree that the trial court erred in excluding the evidence of the victim's motive. The victim's testimony about having been punished was proper testimony to introduce to impeach the victim regarding a possible motive to testify against Thomas. The reason for the punishment was irrelevant. Thus, Thomas improperly offered admissible evidence blended with inadmissible evidence.

When a trial court is presented with a proffer of evidence containing both admissible and inadmissible statements, and the proponent of the evidence fails to segregate and specifically offer the admissible statements, the court may properly exclude all of the evidence. *Willover v. State,* 70 S.W.3d 841, 847 (Tex.Crim.App. 2002). The trial court need never sort through challenged evidence in order to segregate the admissible from the inadmissible. *Jones v. State,* 843 S.W.2d 487, 492 (Tex.Crim.App.1992)(overruled on other grounds). If evidence is offered and challenged which contains some of each, the trial court may safely admit it all or exclude it all, and the losing party, no matter who he is, will be made to suffer on appeal the consequences of his insufficiently specific offer or objection. *Id.*

By finding error, the majority faults the trial court for not sifting through the evidence. I find no fault. But because the majority ultimately determines that the error, a conclusion with which I do not agree, is harmless, I concur in the result reached by the majority.