Jerry Don Thomas v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00146-CR

     JERRY DON THOMAS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 249th District Court
Somervell County, Texas
Trial Court # 249-00472
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Jerry Don Thomas was convicted of six counts of indecency with a child and was
sentenced to seven years’ confinement. Thomas complains on appeal that the court erred by
(1) excluding evidence of the victim’s motive during cross-examination of the victim, (2)
denying Thomas’s motion for mistrial when the prosecution violated a motion in limine, and
(3) limiting Thomas’s cross-examination of witnesses. We affirm.
 

EXCLUDED TESTIMONYIn his first issue, Thomas complains that the court abused its discretion by excluding
evidence of the victim’s motive. During cross-examination of the victim, N.R., the defense
began to ask whether she had done something wrong causing Thomas to discipline her. Before
the defense could ask about a specific incident, the State objected and requested a hearing
outside the presence of the jury to determine whether the evidence about to be elicited should
be admitted.
      During the hearing, the defense asked N.R. whether Thomas had disciplined her because
she was caught sending a picture of herself in a swimsuit to a boy she met over the internet. 
N.R. admitted to sending the picture but denied that Thomas ever disciplined her. The trial
judge excluded the evidence, but the record is not clear under which rule of evidence the
testimony was excluded.
      The State argues that the trial judge ruled correctly because the testimony is evidence of
past sexual behavior which should be excluded under Rule 412. Tex. R. Evid. 412. The
defense argues that the testimony does not refer to sexual behavior within the meaning of Rule
412, and is governed by Rule 404(b) instead. Id. 404(b). The defense further argues that the
testimony is admissible under Rule 404(b) as evidence of N.R.’s motive for bringing charges
against Thomas.
Analysis
      We review a trial court’s decision to exclude evidence under an abuse-of-discretion
standard. Mozon v. State, 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999). An abuse of
discretion occurs when a trial court’s decision is so clearly wrong that it lies outside the “zone
of reasonable disagreement.” Gonzalez v. State, 117 S.W.3d 831, 839 (Tex. Crim. App.
2003); Burks v. State, 40 S.W.3d 698, 700 (Tex. App.—Waco 2001, no pet.).
      Rule 412 allows evidence of specific instances of past sexual behavior of a victim to be
admitted in a criminal trial under certain circumstances. Tex. R. Evid. 412(b). “Sexual
behavior” is not defined in the Rules of Evidence. Prior to the codification of Rule 412,
however, the Court of Criminal Appeals reviewed the definition of “sexual conduct” in the
former section 22.065 of the Texas Penal Code,


 the precursor to Rule 412. Ex Parte Rose,
704 S.W.2d 751, 756 (Tex. Crim. App. 1984) (citing Act of May 27, 1983, 68th Leg., R.S.,
ch. 977, § 4, 1983 Tex. Gen. Laws 5311 (amended 1993) (current version at Tex. R. Evid.
412)). The Court found “sexual” to mean “of or pertaining to sex; sexual matters.” Id.
      Applying this definition to the case at hand, we find that N.R. sending a picture of herself
in a swimsuit over the internet to a boy is not within the meaning of “sexual behavior” under
Rule 412. Therefore, Rule 412 is not the appropriate rule for determining the admissibility of
this evidence. See Capps v. State, 696 S.W.2d 486, 488 (Tex. App.—El Paso 1985, writ
denied) (evidence that victim exchanged T-shirts with defendant while wearing no bra two
years before rape was not evidence of promiscuous behavior under section 22.065).
      The defense points to Rule 404(b) as the basis under which the evidence should have been
admitted. Rule 404(b) allows for admission of evidence of extraneous acts to prove motive. 
Tex. R. Evid. 404(b). This rule is not limited to the conduct of the accused, but also applies
to third parties. Castaldo v. State, 78 S.W.3d 345, 348-49 (Tex. Crim. App. 2002); In re
A.A.B., 110 S.W.3d 553, 561 (Tex. App.—Waco 2003, no pet.). Evidence admitted under
Rule 404(b) is also subject to the balancing test of Rule 403. Rule 403 allows the court to
exclude otherwise relevant evidence if the probative value of the evidence is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or
if it will cause undue delay or the needless presentation of cumulative evidence. Tex. R.
Evid. 403.
      The balancing test under Rule 403 weighs in favor of the admissibility of the evidence and
contains a presumption that relevant evidence will be more probative than prejudicial. Id.;
Rayford v. State, 125 S.W.3d 521, 529 (Tex. Crim. App. 2003). The danger of unfair
prejudice against the defendant is lower when evidence of a third party's extraneous conduct is
offered. Castaldo, 78 S.W.3d at 350.Great latitude should be allowed the accused in showing any fact which, when
tested by human experience, infers or would tend to establish bias or motive
upon the part of any witness testifying against him, for the motives which
operate upon the mind of a witness when he testifies are never regarded as
immaterial or collateral matters. 
 
Yzaguirre v. State, 938 S.W.2d 127, 129 (Tex. App.—Amarillo 1996, pet. ref’d) (citing
Koehler v. State, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984)).
      The defense offered the testimony in question as evidence that N.R. had a motive to bring
charges against Thomas. Because the evidence tends to establish motive, it should have been
admitted. See Tex. R. Evid. 404(b); Yzaguirre, 938 S.W.3d at 129. Furthermore, the
probative value of the evidence is not substantially outweighed by the danger of unfair
prejudice under Rule 403. See Tex. R. Evid. 403. Therefore, the court abused its discretion
when it excluded this testimony. See Yzaguirre, 938 S.W.2d at 129.HarmWhile relevant to his defensive theory, the exclusion of this testimony did not rise to the
level of constitutional error by preventing him from presenting the substance of his defense to
the jury. See Potier v. State, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002); Davis v. State,
104 S.W.3d 177, 182-83 (Tex. App.—Waco 2003, no pet.). Therefore, we apply the harmless
error standard of Appellate Rule 44.2(b). Tex. R. App. Proc. 44.2(b); Potier, 68 S.W.3d at
666.
      Under Rule 44.2(b), an appellate court must disregard an error when no substantial rights
of the defendant are affected because the error did not influence the jury, or had but a slight
effect. Bagheri v. State, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003); Davis, 104 S.W.3d at
182-83. If there are “grave doubts” about whether the error did not effect the outcome, then
the error is treated as if it did effect the outcome. Fowler v. State, 958 S.W.2d 853, 865 (Tex.
App.—Waco 1997), aff’d, 991 S.W.2d 258 (Tex. Crim. App. 1999).
      After careful review of the record, we find that the exclusion of the testimony had no more
than a slight effect, if any, upon the jury. Defense counsel’s cross-examination of the State’s
witnesses was sufficient to extrapolate evidence of N.R.’s potential motive. Defense counsel
was permitted to cross-examine N.R. about an incident in which she got into an argument with
Thomas over clothes that Thomas would not buy her. N.R. testified that she was upset at
Thomas over this incident and that the incident happened shortly before her outcry. This
testimony is sufficient to imply N.R.’s potential motive, and defense counsel strenuously
argued this point in his closing argument.
      Also, had N.R.’s response to the excluded cross-examination been admitted, it would have
served only to weaken the defense’s theory of motive because N.R. denied being disciplined
for the swimsuit incident. Furthermore, the excluded evidence might have strengthened the
State’s case against Thomas. In response to the defense’s contention that Thomas disciplined
her regarding the swimsuit incident, N.R. reasoned that Thomas would not have disciplined
her because he encouraged her to look at pornographic web sites.
      Because the exclusion of the testimony had no more than a slight effect upon the verdict,
the exclusion of the evidence was harmless. Bagheri, 119 S.W.3d at 763; Davis, 104 S.W.3d
at 182-83. Thomas’s first issue is overruled.
DENIAL OF MISTRIAL
      In his second issue, Thomas claims that the court erred in denying his motion for mistrial
in response to the State’s violation of a motion in limine.
      A motion in limine is a preliminary ruling and does not preserve a complaint for appellate
review. Geuder v. State, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003). Once the motion in
limine is violated, counsel must obtain an adverse ruling to preserve the complaint. Id.
      After the motion in limine was violated, and the inadmissible evidence was elicited,
Thomas waited until the State had asked eleven more questions of the witness before objecting. 
Thomas’s objection was untimely, thus Thomas has not preserved his complaint. See Dixon v.
State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). Even if his objection had been timely,
Thomas still did not preserve his complaint because after the court sustained his objection, he
did not request an instruction to disregard. Failure to request the court to instruct the jury to
disregard the inadmissible evidence results in waiver of the alleged error where the instruction
would have cured the error. State Bar of Tex. v. Evans, 774 S.W.2d 656, 658 n.6 (Tex.
1989). Thomas’s second issue is overruled.
LIMITING CROSS-EXAMINATION
      In Thomas’s third issue, he complains that the trial court limited his cross-examination of
several witnesses. The court sustained the State’s objections complaining of defense questions
that were asked and answered, repetitive, and calling for a legal conclusion. While the
defendant has a constitutional right to confront witnesses, this right is not absolute and is
subject to the broad discretion of the trial court to limit cross-examination that is repetitive or
only marginally relevant. Carroll v. State, 916 S.W.2d 494, 498 (Tex. Crim. App. 1996). In
each of these instances, we find the trial court did not abuse its discretion in sustaining the
State’s objections. Id. Thomas’s third issue is overruled.
 

CONCLUSION
      Having overruled all of Thomas’s issues, we affirm the judgment.
 
                                                                         FELIPE REYNA
                                                                         Justice
Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna



      (Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed May 12, 2004
Publish
[CR25]