ACCEPTED
07-15-00010-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
4/6/2015 1:08:06 PM
Vivian Long, Clerk

IN THE COURT OF APPEALS
FOR THE SEVENTH COURT OF APPEALS DISTRICT OF TEXAS
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
4/6/2015 1:08:06 PM
VIVIAN LONG
CLERK

| | | |
|---|---|---|
| LAUREN KAYE HAMMOND | * | |
| | * | |
| VS. | * | NO. 07-15-00010-CR |
| | * | |
| THE STATE OF TEXAS | * | |

ON APPEAL FROM CAUSE NO. F48715
413TH JUDICIAL DISTRICT COURT OF
JOHNSON COUNTY, TEXAS

BRIEF FOR THE STATE OF TEXAS

LEAD COUNSEL FOR THE STATE
DALE S. HANNA
204 S. BUFFALO, SUITE 209
GUINN JUSTICE CENTER
CLEBURNE, TEXAS 76033
817-556-6801
BAR NO. 08918500

DAVID W. VERNON
ASSISTANT DISTRICT ATTORNEY
JOHNSON COUNTY, TEXAS
BAR NO. 00785149
DavidV@johnsoncountytx.org

ORAL ARGUMENT *NOT* REQUESTED

# TABLE OF CONTENTS

Names of All Parties ................................................................................. iv-v

Index of Authorities .................................................................................vi

Statement of the Case................................................................................ 1-2

Statement of Facts .................................................................................... 2-3

Argument and Authorities............................................................................ 4-25

REPLY TO APPELLANT'S
ISSUE NUMBER ONE:     *The trial court properly excluded defensive evidence.................................................... 4-15*

                        A. *Relevant facts* ..................................... 5-7

                        B. *Standard of review* .................................7

                        C. *Relevant law* ...........................................7

                              1. *Relevance* ..........................................8

                              2. *Rule 403* ........................................ 8-9

                              3. *Hearsay*....................................... 9-10

                        D. *The proffered evidence lacked relevance ..................................................... 10-11*

                        E. *The proffered testimony did not meet the requisites of Rule 403.......................... 11-12*

                        F. *The proffered evidence did not meet the requisites of* TEX.R.EVID. 803 § (24) .......... ..................................................... 12-13*

                        G. *Harmless error* .............................. 13-15

REPLY TO APPELLANT'S
ISSUE NUMBER TWO:    *The trial court properly admitted statements made by Appellant*................................ 16-21

    A. *Relevant facts* ................................ 16-17

    B. *Standard of review* ........................ 17-18

    C. *Relevant law* .................................. 18-20

    D. *Appellant's admission was a noncustodial statement*......................... 20-21

REPLY TO APPELLANT'S
ISSUE NUMBER THREE:    *The trial court did not err in admitting impermissible hearsay testimony.* .... ....................................................... 22-25

    A. *Relevant facts*................................ 22-23

    B. *Relevant law and standard of review* ....... ...................................................... 23-24

    C. *Sparks's testimony was not hearsay* .....24

    D. *Harmless error* .............................. 24-25

Conclusion and Prayer ...................................................................26

Certificate of Compliance ...............................................................27

Certificate of Service .....................................................................27

iii

## NAMES OF ALL PARTIES

1. ATTORNEY FOR THE STATE          (at trial)
   Dale S. Hanna
   District Attorney
   18th, 249th, 413th Judicial District
   204 S. Buffalo Ave, Suite 209
   Guinn Justice Center
   Cleburne, Texas 76033

   Matt Smid
   Assistant District Attorney

   Derek Dumas
   Assistant District Attorney

2. ATTORNEY FOR THE STATE          (on appeal)
   Dale S. Hanna
   District Attorney
   18th, 249th, 413th Judicial District
   204 S. Buffalo Ave, Suite 209
   Guinn Justice Center
   Cleburne, Texas 76033

   David W. Vernon
   Assistant District Attorney

3. ATTORNEY FOR APPELLANT          (at trial)
   Don W. Bonner
   Attorney at Law
   16 N. Caddo St.
   Cleburne, Texas 76031

4. ATTORNEY FOR APPELLANT          (on appeal)
   Brian K. Walker
   Attorney at Law
   222 W. Exchange Ave.
   Ft. Worth, Texas 76164

5. PRESIDING JUDGE
   Honorable William C. Bosworth, Jr.
   413th Judicial District Court
   204 S. Buffalo
   Guinn Justice Center
   Cleburne, Texas 76033

6. APPELLANT
   Lauren Kaye Hammond
   Johnson County Law Enforcement Center
   PID# 137893
   1800 Ridgemar
   Cleburne, TX  76033

# INDEX OF AUTHORITIES

Cases  Page

*Allridge v. State*, 850 S.W. 2d 471
 (Tex.Crim.App. 1991) ........................................................................23

*Amores v. State*, 816 S.W. 2d 407
 (Tex.Crim.App. 1991) ........................................................................18

*Brown v. State*, 757 S.W. 2d 739
 (Tex.Crim.App. 1988) ........................................................................25

*Carrasco v. State*, 154 S.W 3d 127
 (Tex.Crim.App. 2005) ..........................................................................7

*Davis v. State*, 872 S.W. 2d 743
 (Tex.Crim.App. 1994) ........................................................................12

*Dowthitt v. State*, 931 S.W. 2d 244
 (Tex.Crim.App. 1996) ............................................................... 18, 19, 20

*Fox v. State*, 115 S.W. 3d 550
 (Tex.App.-Houston [14th Dist.] 2002, *pet. ref'd.*)..............................9, 13

*Galloway v. State*, 778 S.W. 2d 110
 (Tex.App.-Houston [14th Dist.] 1989, *no pet.*) ......................................19

*Giesberg v. State*, 984 S.W. 2d 245
 (Tex.Crim.App. 1998) ........................................................................15

*Guzman v. State*, 995 S.W. 2d 85
 (Tex.Crim.App. 1997) ................................................................. 17, 18

*Josey v. State*, 981 S.W. 2d 831
 (Tex.App.-Houston [14th Dist.] 1998, *pet. ref'd.*)................................20

*King v. State*, 953 S.W. 2d 266
 (Tex.Crim.App. 1997) ........................................................................25

*Laney v. State*, 117 S.W. 3d 854
 (Tex.Crim.App. 2003) ........................................................................18

*Long v. State*, 800 S.W. 2d 545
 (Tex.Crim.App 1990) ..........................................................................9

*Manning v. State*, 114 S.W. 3d 922
 (Tex.Crim.App. 2003) ..........................................................................7

*Martinez v. State*, 91 S.W. 3d 331
  (Tex.Crim.App. 2002) ................................................................................18
*Mason v. State*, 416 S.W. 3d 720
  (Tex.App.-Houston [14[th] Dist.] 2013, *pet. ref'd*)....................................12
*Miranda v. Arizona*, 384 U.S. 436 (1996) .................................................19
*Montgomery v. State*, 810 S.W. 2d 372
  (Tex.Crim.App. 1991) .............................................................................7, 23
*Morales v. State*, 32 S.W. 3d 862
  (Tex.Crim.App. 2000) ................................................................................14
*Mozon v. State*, 991 S.W. 2d 841
  (Tex.Crim.App. 1999) ..............................................................................7, 8
*Oles v. State*, 993 S.W. 2d 103
  (Tex.Crim.App. 1999) ................................................................................17
*Owen v. State*, 905 S.W. 2d 434
  (Tex.App.-Waco 1995, *pet. ref'd*.) ..........................................................20
*Powell v. State*, 189 S.W. 3d 285
  (Tex.Crim.App. 2006) ..................................................................................9
*Rivera-Reyes v. State*, 252 S.W. 3d 781
  (Tex.App.-Houston [14[th] Dist.] 2008, *no pet.*) ......................................25
*Sherman v. State*, 20 S.W. 3d 96
  (Tex.App.-Texarkana 2000, *no pet.*) ...........................................................7
*Standsbury v. California*, 511 U.S. 318 (1994) .........................................19
*Thomas v. State*, 137 S.W. 3d at 722
  (Tex.App. -Waco, 2004, *no pet.*) .............................................................13
*United States v. Cruz*, 326 F.3d 392 (3d Cir. 2003) ...................................9
*Walters v. State*, 247 S.W. 3d 204
  (Tex.Crim.App. 2007) ................................................................................15
*Willover v. State*, 70 S.W. 3d 841
  (Tex.Crim.App. 2002) ................................................................................23

**Statutes**

Art. 38.22 § (2) V.A.C.C.P. .........................................................................19
TEX.R. APP. PROC. 44.2 (b)................................................................. 13, 25
TEX.R.EVID. 104(a) .....................................................................................7

TEX.R.EVID. 401........................................................................................8,10

TEX.R.EVID. 402...........................................................................................8

TEX.R.EVID. 403...........................................................................................8

TEX.R.EVID. 801(d) ............................................................... 9,23,24

TEX.R.EVID. 802...................................................................................9, 24

TEX.R.EVID. 803 § (24) ........................................................................10

NO. 07-15-00010-CR

IN THE COURT OF APPEALS
FOR THE SEVENTH COURT OF APPEALS DISTRICT OF TEXAS
AMARILLO, TEXAS

LAUREN KAYE HAMMOND
APPELLANT

VS.

THE STATE OF TEXAS
APPELLEE

STATE'S BRIEF

TO THE HONORABLE COURT OF APPEALS, TENTH COURT OF APPEALS DISTRICT OF TEXAS,

The State of Texas, by and through her District Attorney, respectfully submits this brief in the above entitled and numbered cause.

STATEMENT OF THE CASE

Appellant was indicted on July 31, 2014 for the felony offense of "Possession of Controlled Substance < 1 Gram" (i.e., Count One).[1] At trial, Appellant entered a plea of "not guilty."[2] After hearing all of the evidence, the jury found Appellant guilty as charged, and sentenced Appellant to 24 months confinement in the State jail (along with a $7,500.00 fine), but probated both the Sentence and fine.[3]

---

[1] C.R. p. 10.
[2] R.R. Vol. 5, pp. 30, 31.
[3] C.R., pp. 71, 74, 80-83; R.R. Vol. 6, p. 131, 165.

1

# STATEMENT OF FACTS

On the evening of June 4, 2014, a series of disturbance calls were made to the 911 center for the Burleson Police Department emanating from 605 N.W. Renfro; Burleson (Johnson County), Texas.[4] Because of the nature of this location (an apartment suspected by law enforcement to be a "drug house"), Larry Sparks, an investigator with Burleson Police Department and a member of the STOP Special Crimes Unit, was called to assist patrol officers at the scene.[5]

Upon his arrival, Sparks spoke with the owner of the apartment (i.e., Appellant) and received written consent from her to search the apartment for drugs.[6] As Sparks stayed with Appellant (and other occupants of the apartment) in the living room, patrol officer Brandon Lymen searched Appellant's closet.[7] Lymen's search resulted in the discovery of drug paraphernalia (i.e., used syringes, digital scales, and small plastic baggies) and two drug exhibits (i.e., meth-looking substance found in a plastic baggie inside a small basket and in a plastic baggie stuffed inside a woman's pink, Nike running shoe).[8]

---

[4] R.R. Vol. 5, pp. 46, 47, 50; R.R. Vol. 6, pp. 46-48, 67, 87; R. R. Vol. 7, State's Exhibit Nos. 3, 10.

[5] R.R. Vol. 5, pp. 53, 54; R.R. Vol. 6, pp. 37-48.

[6] R.R. Vol. 5, pp. 54, 56, 78, 79, 82, 83; R.R. Vol. 6, pp. 48, 49, 68, 70, 81; R.R. Vol. 7, Defendant's Exhibit No. 1.

[7] R.R. Vol. 5, pp. 54-59, 62, 85, 87, 89-91; R. R. Vol. 6, pp. 50-52.

[8] R.R. Vol. 5, pp. 60, 62, 69, 101, 105; R.R. Vol. 6, pp. 51, 54, 55, 57, 58; R. R. Vol. 7, State's Exhibit Nos. 1, 2, 5-9.

After being told of and given the drug exhibits, Sparks confronted Appellant (and fellow occupant Jeremiah Smart) about them.[9] Following an initial denial by Appellant and Smart as to knowledge and possession of the drug exhibits, Sparks indicated that he would have the two baggies tested for fingerprints.[10] At this point, Appellant stated, "I can't lie. My fingerprints will be on the bag. I'll take the rap for it."[11]

Not knowing for certain that the two baggies contained illegal substances (i.e., lacking probable cause to arrest), Sparks took possession of the drug exhibits and left the apartment.[12] The drug exhibits were later sent to be tested at Integrated Forensic Laboratories where it was determined that the smaller of the two baggies (found inside the Nike shoes) contained 0.02 grams of methamphetamine while the other baggie contained 0.01 grams of meth.[13] As a result of these findings, Appellant was indicted on July 31, 2014 on the underlying charge.[14]

---

[9] R.R. Vol. 5, pp. 62, 63, 68, 89, 90, 91; R.R. Vol. 6, pp. 60.
[10] R.R. Vol. 6, p. 61.
[11] *Id*. at 61, 62, 78, 81.
[12] R.R. Vol. 5, pp. 64, 106; R.R. Vol. 6, pp. 64-66.
[13] R.R. Vol. 5, pp. 63-65, 107, 108-110, 112-114, 118, 119; R.R. Vol. 7, State's Exhibit Nos. 1, 2, 11, 12.
[14] C.R., p. 10.

REPLY TO APPELLANT'S
ISSUE NUMBERS ONE:            *The trial court properly excluded defensive evidence.*


In Appellant's Issue Number One, she argues that the trial court reversibly erred by excluding defensive evidence.  Specifically, Appellant claims that a statement made by a third party to law enforcement that should have been admitted as a statement against interest.  The State of Texas respectfully disagrees.


ISSUES PRESENTED

ONE

If a statement made to law enforcement by a third-party has no tendency to prove whether or not Appellant possessed discovered drug exhibits, was the statement properly excluded for lacking relevance?


TWO

If a statement made to law enforcement by a third party has little to no probative value and risks the possibility of misleading and/or confusing the jury, was the statement properly excluded under TEX.R.EVID. 403?


THREE

If a statement made to law enforcement by a third party was purportedly against the third party's interest, did the trial court properly exclude said evidence when there was insufficient corroborating circumstances to clearly indicate the trustworthiness of the statement (per the requirements of TEX.R.EVID 803 § (24))?

## FOUR

If the trial court erred in including a statement against interest made by a third party, was the error harmless?

## SUMMARY OF ARGUMENT

The trial court properly excluded the proffered statement by Jeremiah Smart (that he might test possible for methamphetamine if given a drug test) in that it lacked relevance (i.e., it did not tend to establish whether or not Appellant possessed the two drug exhibits found in her closet), it ran afoul of Rule 403 (i.e., it had little to no probative value and ran the risk of confusing and/or misleading the jury concerning the determination of guilt/innocence), and it was not a statement against interest because it lacked corroborating circumstances to clearly indicate the trustworthiness of the statement (i.e., it was impermissible hearsay). In the alternative, the exclusion of the proffered statement was harmless error given Appellant's admission that she possessed the drug exhibits; that the drug exhibits were found in the closet of her apartment and inside her personal effects, and the failure of the proffered statement to establish a nexus to the drug exhibits.

A. *Relevant facts.*

On December 8, 2014, the State filed a motion-in-limine in the cause, *sub judice*, that included, *inter alia*,

- (5)  Any specific instances of conduct of a Jeremiah Smart, for the purpose of attacking or supporting Jeremiah Smart's credibility.  TRE Rule 608 (b); and

- (8)  Any testimony concerning prior convictions of Jeremiah Smart or any testimony regarding his parole status.[15]

---

[15] C.R., pp. 51-53.

That same day, the subject of the State's motion-in-limine was taken up prior to voir dire with defense counsel agreeing to approach the bench "prior to discussing or raising any of the issues" in said motion and the trial court approving of the argument.[16]

As trial was about to commence the next day, defense counsel asked the court for a hearing outside the presence of the jury to determine the admissibility of Appellant's incriminating statement to Investigator Sparks (i.e., "I can't lie. My fingerprints will be on the bag. I'll take the rap for it.") and Smart's statement to Sparks that he was on parole and would probably test positive for methamphetamine if given a hair-follicle drug test.[17] At the conclusion of the hearing, defense counsel argued that Smart's statement should be admissible because it was relevant and constituted an exception to hearsay (i.e., a statement against interest).[18] According to defense counsel, the two drug exhibits were found in Appellant's closet near a shelf allocated to some of Smart's personal effects, that admitting he would test positive for methamphetamine would be against his interest (a violation of parole warranting a blue warrant), and that together, an inference was raised that the drugs might possibly have belonged to Smart.[19] Not convinced that corroborating circumstances clearly indicated the trustworthiness of

---

[16] R.R. Vol. 4, pp. 1, 4, 5.
[17] R.R. Vol. 5, pp. 1, 5-7, 23.
[18] *Id*. at 33-35.
[19] *Id.* at 34, 35.

smart's statement (as required by TEX.R.EVID. 803 § (24)), the trial court ruled Smart's statement inadmissible.[20]

## B. *Standard of review.*

Preliminary questions concerning the admissibility of evidence shall be determined by the trial court.[21]  A trial court's decision to admit or exclude evidence is reviewed under an abuse-of-discretion standard.[22] Such an inquiry necessarily depends on the facts of each case.[23]  The appellate court must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case.[24]  While an appellate court may decide it would have ruled differently from the trial court on a particular evidentiary issue, such disagreement does not inherently demonstrate an abuse of discretion.[25]  Instead, the appellate court may only find an abuse of discretion when the trial court's decision "is so clearly wrong as to fall outside the zone of reasonable disagreement or when the trial court acts arbitrarily and unreasonably, without reference to any guiding rules or principles."[26]

## C. *Relevant law.*

---

[20] *Id*. at 35.
[21] TEX.R.EVID. 104(a).
[22] *Mozon v. State*, 991 S.W. 2d 841, 846-47 (Tex.Crim.App. 1999).
[23] *Sherman v. State*, 20 S.W. 3d 96, 110 (Tex.App.-Texarkana 2000, *no pet.*).
[24] *Carrasco v. State*, 154 S.W 3d 127, 129 (Tex.Crim.App. 2005).
[25] *Manning v. State*, 114 S.W. 3d 922, 926 (Tex.Crim.App. 2003).
[26] *Montgomery v. State*, 810 S.W. 2d 372, 380 (Tex.Crim.App. 1991).

1. *Relevance*

"Relevant evidence" is defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[27] All relevant evidence is admissible except as otherwise provided by Constitution, by statute, by the rules of evidence, or by other rules prescribed by statutory authority.[28] However, all evidence — including evidence of a defensive theory — is subject to a Rule 403 balancing test.[29]

2. *Rule 403.*

Under TEX.R.EVID. 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence. Factors to consider in conducting a Rule 403 balancing test are the following: (1) how compellingly the evidence makes a fact of consequence more or less probable; (2) the potential the evidence has to impress the jury in an irrational but nevertheless indelible way; (3) the time the defendant will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the defendant's need

---

[27] TEX.R.EVID. 401.
[28] TEX.R.EVID. 402.
[29] *Mozon*, 991. S.W. 2d at 846.

for this evidence to prove a fact of consequence (i.e., whether the proponent has other probative evidence available to help establish this fact and whether this fact relates to an issue in dispute). [30]

The trial judge is given a very substantial discretion in balancing probative value on the one hand and unfair prejudice on the other, and should not be reversed simply because an appellate court believes that it would have decided the matter otherwise.[31] This is because the trial judge, not the appellate judge, is in the best position to assess the extent of the prejudice caused to a party by a piece of evidence.[32] "[I]f judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal."[33]

3. *Hearsay.*

TEX.R.EVID. 801(d) defines "hearsay" as a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Hearsay is not admissible except provided by statute or by the Rules of Evidence.[34] TEX.R.EVID. 803 § (24) grants an exception to hearsay for statements made by a declarant against the declarant's interest (tending to subject the declarant to criminal liability), that a reasonable person in declarant's position would not have made the statement unless believing

---

[30] *Fox v. State*, 115 S.W. 3d 550, 562 (Tex.App.-Houston [14th Dist.] 2002, *pet. ref'd*.).
[31] *Powell v. State*, 189 S.W. 3d 285, 288 (Tex.Crim.App. 2006).
[32] *Id*. at 289.
[33] *Id*. (quoting *United States v. Cruz*, 326 F.3d 392, 396 (3d Cir. 2003).
[34] TEX.R.EVID. 802. *See also, Long v. State*, 800 S.W. 2d 545, 547 (Tex.Crim.App 1990).

9

it to be true. In criminal cases, a statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trust worthiness of the statement.[35]

D. *The proffered evidence lacked relevance.*

The State would first argue that the proffered evidence (i.e., Smart's statement to Sparks about likely testing positive for methamphetamine on a hair-follicle test in violation of his parole) was properly excluded because it lacked relevance. As stated above, evidence is relevant if it has any tendency to make the existence of any fact that is of consequences to the determination of the action more probably or less probable than it would be without the evidence.[36] While Smart's statement may well have been true, it would only have relevance should Sparks have to testify against Smart in a parole-revocation hearing. In other words, Smart's statement had no bearing on whether Appellant possessed the two drug exhibits found in her closet because he made no claim that the drugs were his, he gave no indication that he had any knowledge of them, and he gave no information as to where he obtained and used the methamphetamine. The proffered statement's lack of relevance is further underscored by (1) Appellant's statement to Sparks whereby she admitted the drug exhibits belonged to her; (2) that the drug exhibits were not found on the one, meticulously kept shelf in the

---

[35] TEX.R.EVID. 803 § (24).
[36] TEX.R.EVID. 401.

closet dedicated to Smith's personal effects, but in items (i.e., a pink Nike shoe and a small storage basket) located in areas of the closet controlled by Appellant, (3) that Smart, when shown the used syringes found next to one of the drug exhibits disavowed that method of using meth and proved it by demonstrating that he had no needle marks on his arms, and (4) that Appellant was the legal owner of the residence.[37]  Consequently, the trial court properly excluded the proffered testimony due to its lack of relevance.

E. *The proffered testimony did not meet the requisites of Rule 403*.

The State would also argue that the proffered testimony ran afoul of Rule 403. As indicated above, Smart's statement had little to no probative value. And, although Appellant needed some evidence to counter her admission of possessing the drug exhibits, and the development of this evidence probably would not have taken a great deal of time to develop, the proffered evidence ran the risk of confusing and/or misleading the jury. The effect of the trial court's admission of the evidence would have suggested to the jury that the evidence had relevance when none was present. Moreover, the proffered evidence would also have suggested the possibility that Appellant and Smart jointly possessed the drug exhibits. Such a consideration had the potential to have created confusion during jury deliberations in guilt/innocence in that there was no instruction concerning the

---

[37] R.R. Vol. 5, pp. 26, 27, 29, 57-60, 62-65, 69, 70, 87, 105; R.R. Vol. 6, pp. 48, 49, 51, 54, 55, 58-62, 73, 74, 78, 81, 90.

scenario for joint possession (i.e., the law of parties) in the jury charge.[38] As such, the proffered evidence did not meet the requisites of Rule 403.

F. *The proffered evidence did not meet the requisites of TEX.R.EVID. 803 § (24).*

In addition to lacking relevance and violating Rule 403, the State would argue that the proffered evidence did not meet the requisites of TEX.R.EVID. 803 § (24). This rule sets out a two-step foundation requirement to determine the admissibility of an alleged statement against interest.[39] First, the trial court must determine whether the statement, considering all the circumstances, subjects the declarant to criminal liability and whether the declarant realized this when he made the statement.[40] Secondly, the court must determine whether there are sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement.[41] There is no set standard for making the latter determination.[42] The focus of this inquiry is on verifying to the greatest extent possible the trustworthiness of the statement so as to avoid the admissibility of a fabrication.[43] The burden lies with the party seeking to admit the statement, and the test is not an easy one.[44]

---

[38] *See*, C.R. pp. 65-70; R.R. Vol. 6, pp. 95-101.
[39] *Mason v. State*, 416 S.W. 3d 720, 733 (Tex.App.-Houston [14th Dist.] 2013, *pet. ref'd*).
[40] *Id.*
[41] *Id.*
[42] *Davis v. State*, 872 S.W. 2d 743, 747, 749 (Tex.Crim.App. 1994).
[43] *Id.* at 748.
[44] *Id.* at 749.

Here, there was no evidence which corroborated or verified Smart's statement (about the likelihood of his testing positive for methamphetamine) to clearly indicate its trustworthiness. Other than his statement, there was no evidence proving that he had, in fact, previously taken methamphetamine — especially within a time frame recent enough to test positive on a hair-follicle analysis. Thus, because there was no corroborating evidence which clearly indicated the trustworthiness of Smart's statement, the proffered evidence did not meet the requisites of TEX.R.EVID. 803 § (24). Therefore, for the reasons stated above, the trial court did not abuse its discretion in excluding Smart's statement.

G. *Harmless error.*

In the alternative that the trial court erred in excluding the proffered evidence, the State would next argue that the error was harmless. The wrongful exclusion of evidence is a misapplication of the rules of evidence and, as such, is non-constitutional in nature.[45] Consequently, the harmless-error standard of TEX.R.APP. PROC. 44.2 (b) is applied.

Under Rule 44.2 (b), an appellate court must disregard an error when no substantial rights of the defendant are affected because the error did not influence the jury, or had but a slight effect.[46] In assessing the likelihood that the error

---

[45] *Fox*, 115 S.W. 3d at 563.
[46] *Thomas v. State*, 137 S.W. 3d 792, 796. (Tex.App.-Waco 2004, *no pet.*). *See also*, TEX.R. APP. PROC. 44.2 (b).

adversely affected the jury's decision, we consider everything in the record—including the State's theory of the case, closing arguments, and voir dire.[47]

As stated above, Appellant admitted that the two drug exhibits were hers.[48] Such an admission was supported by the fact that they were found in the closet of her apartment, within the portion of the closet which included her belongings, and inside said belongings.[49] In contrast, Smart's connection to these drugs were tenuous at best. The only nexus to the drug exhibits was his uncorroborated statement to Sparks and that Appellant allowed him to use one shelf in her closet for his personal effects. Smart's statement concerning his prior drug use, however, demonstrates only that he recently abused methamphetamine. Such a statement, combined with Smart having very limited use of Appellant's closet, falls far short of connecting him to the drug exhibits. As such, Appellant was not harmed by its exclusion. In fact, the converse may be true. Had the jury been informed of Smart's methamphetamine usage, it would have been logical for them to conclude that Appellant hid the drug exhibits in her personal belongings to prevent Smart from finding and using the drugs.

The State would also argue that Appellant was not harmed by the exclusion of the proffered evidence in that this evidence did not constitute a statutory defense

---

[47] *Morales v. State*, 32 S.W. 3d 862, 867 (Tex.Crim.App. 2000).
[48] R.R. Vol. 6, pp. 61, 62, 78, 81.
[49] R. R. Vol. 5, pp. 56-59, 62-65, 78, 79, 82, 83, 87, 101, 105; R.R. Vol. 6, p. 49, 51, 54, 55, 58-60, 70, 73, 74, 90.

14

recognized by the legislature. Appellant's defensive issue essentially asserted that the State could not prove the element that Appellant possessed the two drug exhibits. A defensive issue, however, which goes no further than to merely negate an element of the offense is not considered a defense warranting a jury instruction and is sufficiently embraced in the general charge (i.e., that the defendant is presumed innocent until each and every element of the offense is proven beyond a reasonable doubt).[50] Such an instruction was included in the court's charge to the jury.[51] Consequently, no substantial due-process rights were affected by the exclusion of the proffered evidence.

Accordingly, for the reasons stated above, Appellant's Issue Number One should be overruled.

---

[50] *Walters v. State*, 247 S.W. 3d 204, 209-10 (Tex.Crim.App. 2007). *See also*, *Giesberg v. State*, 984 S.W. 2d 245, 250-51 (Tex.Crim.App. 1998).
[51] C.R., p. 67; R.R. Vol. 6, p.98.

REPLY TO APPELLANT'S
ISSUE NUMBER TWO:                    *The trial court properly admitted*
                                     *statements made by Appellant.*

In her Issue Number Two, Appellant asserts that a statement made by her during the search of her apartment (i.e., "I can't lie. My fingerprints will be on the bag. I'll take the rap for it.") were made in violation of her *Miranda* rights and in violation of her rights under Art. 38.22 V.A.C.C.P. Specifically, Appellant maintains that she was in custody when she made these responses and that she had not been given her *Miranda* warnings. The State of Texas respectfully disagrees.

## ISSUE PRESENTED

### ONE

Was Appellant's admission (to possessing the two drug exhibits) a custodial statement (requiring *Miranda* warnings) when her freedom of movement was never restricted, she was not placed in handcuffs, detained, or restrained in any manner, probable cause to arrest had not yet been developed, and she was told by law enforcement that she was not under arrest.

## SUMMARY OF THE ARGUMENT

Appellant's statement to Investigator Sparks, (i.e., "I can't lie. My fingerprints will be on the bag. I'll take the rap for it.") was not made in violation of her *Miranda* rights and her rights under Art. 38.22 V.A.C.C.P. because Appellant was not in custody when the statement was made. The statement was made during a search in which Appellant had consented. During the search, Appellant was free to roam her apartment, was not in handcuffs, was not detained or restrained in any manner, probable cause to arrest had not yet been developed (the drug exhibits needed to be sent to a lab for analysis and the non-drug exhibits were not confirmed to be drug paraphernalia), and Appellant was told that she was not under arrest.

A. *Relevant facts.*

On December 8, 2014, defense counsel filed a motion-in-limine regarding a statement that Appellant had made to Investigator Sparks during a consensual

16

search of her apartment (i.e., "I can't lie. My fingerprints will be on the bag. I'll take the rap.").[52] Thereafter, prior to the commencement of the State's case-in-chief in guilt/innocence, defense counsel requested a hearing outside the presence of the jury to determine the admissibility of this statement.[53] According to defense counsel, Appellant's custodial interrogation made by Appellant's remark was a custodial statement [given without *Miranda* warnings] and should not be admitted.[54] Following testimony on the matter, the trial court ruled that the statement was admissible.[55]

B. *Standard of review*.

On appeal, a trial court's ruling on a motion to suppress is generally reviewed on appeal for an abuse of discretion.[56] The process for such a review was articulated by the Court of Criminal Appeals in *Guzman v. State*.[57] Using a bifurcated standard of review, almost total deference is given to a trial court's determination of historical facts-especially when the trial court's findings are based on an evaluation of credibility and demeanor.[58] The same amount of deference is given to the trial court's ruling on application of law-to-fact questions if the

---

[52] C.R., pp. 57, 58; R.R. Vol. 5, pp. 26, 27.
[53] R.R. Vol. 5, pp. 1, 5, 6.
[54] *Id*. at 6.
[55] *Id*. at 29.
[56] *Oles v. State*, 993 S.W. 2d 103, 106 (Tex.Crim.App. 1999).
[57] *See*, *Guzman v. State*, 995 S.W. 2d 85 (Tex.Crim.App. 1997).
[58] *Id*.

resolution of those questions turn on an evaluation of credibility and demeanor.[59]

Applications of law-to-fact question that do not turn on the evaluation of credibility and demeanor of witness testimony at the suppression hearing, however, are reviewed *de novo*.[60]

The reviewing court must uphold a trial court's ruling on a motion to suppress if the ruling is reasonably supported by the record and correct on any theory of law applicable to the case.[61]  This is so even if the trial judge gives the wrong reason for the decision.[62]  A reviewing court, however, may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised.[63]

C. *Relevant law.*

A person is under custodial arrest only when, under the circumstances, a reasonable person would believe that his or her freedom of movement is restricted or restrained.[64]  To effectuate a full custodial arrest, an officer must have probable cause to believe that the person arrested has committed, or is committing an offense.[65]  Probable cause to arrest exists where the facts and circumstances within

---

[59] *Id.*

[60] *Id.*

[61] *Laney v. State*, 117 S.W. 3d 854, 857 (Tex.Crim.App. 2003).

[62] *Id.*

[63] *Martinez v. State*, 91 S.W. 3d 331, 336 (Tex.Crim.App. 2002).

[64] *Dowthitt v. State*, 931 S.W. 2d 244, 254 (Tex.Crim.App. 1996); *Amores v. State*, 816 S.W. 2d 407, 411 (Tex.Crim.App. 1991).

[65] *Amores*, 816 S.W. 2d at 411.

the arresting officer's knowledge, and of which he as reasonably trustworthy information, are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been or is being, committed.[66]

Article 38.22 of the Texas Code of Criminal Procedure and the United States Constitution generally preclude the use of incriminating statements that result from custodial interrogation absent compliance with certain procedural safeguards.[67]  If a statement is not the result of a custodial interrogation, these safeguards do not apply and the statement is not required to be suppressed.[68]

Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."[69]  In determining whether an interrogation is custodial for purposes of *Miranda*, a reviewing court looks to the objective circumstances, not to the subjective views harbored by either the interrogating officer or the person being questioned.[70]  The determination of custody must be made on an ad hoc basis, after considering all of the objective circumstances.[71] The subjective views of the interrogating officer and the person being questioned

---

[66] *Id.*

[67] *See*, *Miranda v. Arizona*, 384 U.S. 436, 444 (1996).  *See also*, Art. 38.22 § (2) V.A.C.C.P.

[68] *Id. See also, Galloway v. State*, 778 S.W. 2d 110, 112 (Tex.App.-Houston [14th Dist.] 1989, *no pet.*).

[69] *Miranda*, 384 U.S. at 444.

[70] *Standsbury v. California*, 511 U.S. 318, 323 (1994).

[71] *Dowthitt*, 931 S.W. 3d at 255.

are relevant only to the extent that they may be manifested in the words or actions of law enforcement officials.[72]

Four general situations may constitute custody: significant deprivation of freedom; a police command not to leave; a reasonable subjective belief of the suspect that his freedom is significantly restricted; and when there is probable cause to arrest and the suspect is not told he is free to leave.[73] Concerning the fourth situation, the officers' knowledge of probable cause must be manifested to the suspect.[74] And, inasmuch as "probable cause" is only a factor to be considered, probable cause to arrest, alone, does not automatically establish custody. Rather, custody is established if the manifestation of probable cause, combined with other circumstances, would lead a reasonable person to believe he is under restraint to the degree associated with an arrest.[75]

A reviewing court must look at the totality of the circumstances to determine whether a defendant's freedom of movement was restrained to a degree associated with a formal arrest at the time of the interrogation.[76]

D. *Appellant's admission was a noncustodial statement.*

The State would respond that the trial court did not err in ruling that Appellant's statement to Sparks was admissible (in effect, overruling an implied

---

[72] *Id.* at 254.
[73] *Owen v. State*, 905 S.W. 2d 434, 436 (Tex.App.-Waco 1995, *pet. ref'd.*).
[74] *Dowthitt*, 931 S.W. 2d at 255.
[75] *Id.*
[76] *Josey v. State*, 981 S.W. 2d 831, 839 (Tex.App.-Houston [14th Dist.] 1998, *pet. ref'd.*).

motion to suppress) in that Appellant was not in custody when the statement was made. First, the record reflects that Appellant was one of the people who called the police to her apartment and then voluntarily gave Sparks and Lymen consent to search.[77] Thus, the search began in a non-coercive manner. In addition, Sparks testified that (1) Appellant's freedom of movement was never restricted, (2) that she was not placed in handcuffs, detained, or restrained (3) that he could not remember having closed the bedroom door before speaking to Appellant (4) that Appellant was not in custody, (5) that he did not have probable cause to arrest Appellant for the drug exhibits because there was not yet any lab confirmation that they contained illegal drugs, (6) that he did not have probable cause to arrest Appellant for drug paraphernalia because possessing syringes and scales (without proof connecting them to illegal drug activity) is not a crime, and (7) that he told Appellant that he no intention of arresting her that day.[78] As such, a review of the factors annouced in *Dowthitt* indicates that Appellant was not in custody when she made her statement to Sparks. Therefore, because the giving of *Miranda* warnings were not required, the trial court did not err in ruling that Appellant's statement was admissible or in overruling an implied motion to suppress.

Accordingly, Appellant's issue Number Two should be overruled.

---

[77] R.R. Vol. 5, pp. 8-11, 16, 27.
[78] *Id*. at 9-11, 13-15, 19, 20, 24, 25, 28, 29.

REPLY TO APPELLANT'S
ISSUE NUMBER THREE:                    *The trial court did not err in
                                       admitting evidence that allegedly
                                       contained impermissible hearsay.*

In Appellant's Issue Number Three, she argues that the trial court erroneously admitted evidence during guilt/innocence testimony that contained impermissible hearsay (i.e., Investigator Sparks's testimony comment that he was called to the scene because individuals responsible for causing the disturbance at Appellant's apartment alleged that it was a "drug house"). The State of Texas respectfully disagrees.

## ISSUES PRESENTED

### ONE

If testimony is not offered to prove the truth of the matter asserted, is it hearsay?

### TWO

If the trial court erroneously admits inadmissible hearsay testimony, is the error cured (i.e. harmless) when the same evidence is admitted elsewhere at trial, and without objection?

## SUMMARY OF ARGUMENT

Investigator Sparks's comment (i.e., that he was called to the scene of a disturbance at Appellant's apartment because some of the actors alleged that the apartment was a "drug house") was not hearsay in that it was offered, not for the truth of the matter asserted, but to (1) explain why he, an investigator with the STOP drug task force, responded to the scene of an ordinary disturbance call and (2) to set up how the drug exhibits were ultimately discovered. In the alternative that the trial court erroneously admitted Sparks's testimony, error was cured (i.e., harmless) because the same evidence was adduced earlier in trial, and without objection, during Officer Lyman's testimony.

A. *Relevant facts.*

22

In the State's case-in-chief during guilt/innocence, Investigator Sparks, a member of the STOP drug task force, was questioned by the prosecution why he was asked to respond to a disturbance call at 605-A Northwest Renfro Street (i.e., Appellant's apartment).[79] Sparks responded that some of the individuals involved in the disturbance alleged that the location was a "drug house."[80] Defense counsel immediately objected on the basis of, *inter alia*, hearsay.[81] The trial court overruled the objection and told the prosecutor to move on to a different area.[82]

B. *Relevant law and standard of review.*

The trial court has broad discretion in determining the admissibility of evidence, and its ruling will not be reversed on appeal absent a clear abuse of discretion.[83] As long as the trial court's ruling was at least within the zone of reasonable disagreement, a reviewing court will not intercede.[84]

Hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted.[85]

---

[79] R.R. Vol. 6, pp. 37-40, 46, 47.
[80] *Id*. at 47 (ls. 4-7).
[81] *Id*. at 47, 48.
[82] *Id*.
[83] *Allridge v. State*, 850 S.W. 2d 471, 492 (Tex.Crim.App. 1991).
[84] *Montgomery,* 810 S.W. 2d at 391.
[85] *Willover v. State*, 70 S.W. 3d 841, 845 (Tex.Crim.App. 2002). *See also*, TEX.R.EVID. 801(d).

As a general rule, hearsay evidence is inadmissible unless it falls within one of the many exceptions.[86]

## C. *Sparks's testimony was not hearsay.*

The State would first respond that Investigator Sparks's testimony did not constitute impermissible hearsay. As mentioned above, hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted.[87] Here, Sparks's testimony was not offered to prove the truth of the allegations made by unspecified participants involved in the disturbance at Appellant's apartment , (i.e., that Appellant's apartment was, in fact, a "drug house"). Instead, Sparks was asked to explain the peculiar circumstances of why an investigator with the STOP drug task force would respond to an ordinary disturbance call.[88] Such an explanation also served to set up and explain the scenario in which Appellant had her apartment searched and the drug exhibits discovered. Consequently, the complained-of comment did not constitute impermissible hearsay.

## D. *Harmless error.*

In the alternative that Appellant preserved his issue for appellate review, the State would next argue that if the trial court erred in allowing the complained-of

---

[86] *Id. See also*, TEX.R.EVID. 802.
[87] *Id. See also*, TEX.R.EVID. 801(d).
[88] R.R. Vol. 6, pp. 37-40, 46, 47.

testimony, error was harmless. Inadmissible evidence is harmless if evidence, otherwise admitted at trial without objection, proves the same fact that the inadmissible evidence sought to prove.[89] In other words, when the same objected-to facts are adduced elsewhere at trial (without objection), no substantial rights are affected and, as such, the error should be disregarded (if it is non-constitutional in nature).[90] The admission of inadmissible hearsay constitutes non-constitutional error.[91]

Here, the same or substantially similar testimony as that given by Sparks was adduced earlier at trial during the prosecution's questioning of Officer Lyman. In response to the prosecutor's question concerning why Sparks was contacted, Lyman testified (without objection), "We were advised that there was possible narcotic activity inside the house, and I believe that there was known knowledge among the STOP Task Force about possible drug activity going on inside the residence."[92] Consequently, in that this unobjected to statement was essentially the same as Sparks's testimony, the admission of the complained-of comment was harmless.

Accordingly, for the reasons stated above, Appellant's issue Number Three should be overruled.

---

[89] *Brown v. State*, 757 S.W. 2d 739, 741 (Tex.Crim.App. 1988).

[90] *King v. State*, 953 S.W. 2d 266, 271 (Tex.Crim.App. 1997); *See also*, TEX.R.APP.PROC. 44.2 (b).

[91] *Rivera-Reyes v. State*, 252 S.W. 3d 781, 786 (Tex.App.-Houston [14th Dist.] 2008, *no pet.*).

[92] R.R. Vol. 5, pp. 53, 54.

*CONCLUSION AND PRAYER*

For the reasons previously stated, it is respectfully submitted that there was no reversible error.

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that Appellant's conviction for "Possession of a Controlled Substance, < 1 Gram" (i.e., Count One) be affirmed.

/s/ David W. Vernon
David W. Vernon
Assistant District Attorney
18th, 249th, 413th Judicial District
204 S. Buffalo, Suite 209
Guinn Justice Center
Cleburne, Texas 76033
817/556-6815
Fax No. 817/556-6817
Bar No. 00785149

## *CERTIFICATE OF COMPLIANCE*

The State of Texas, by and through her District Attorney, hereby certified that its Brief contains 5400 words and that it meets the length requirement for a computer generated document as dictated by TEX. R. APP. PROC. 9.4(i)(2) (eff. 12/01/2012).

/s/ David W. Vernon
David Vernon
Assistant District Attorney

## *CERTIFICATE OF SERVICE*

I hereby certify that a true copy of the State's Brief was sent by electronic service to Brian K. Walker, Attorney at Law, at brian@walkeratorneys.com, 222 W. Exchange Ave., Ft. Worth, Texas 76164 to Lauren Kaye Hammond, Johnson County Law Enforcement Center, 1800 Ridgemar, Cleburne, TX 76033 on this the 6th day of April , 2015.

/s/ David W. Vernon
David W. Vernon
Assistant District Attorney